INTERNATIONAL SHOE Co. v. GARFINKLE.*

(Division B. April 11, 1927.)

[112 So. 168. No. 26403.]

JUDGMENT. *Refusal to set aside judgment, entered for defendant in absence of plaintiff on first day, without civil cases having been set, held error (Hemingway's Code, section 471; Laws 1920, chapter 115, section 2).*

Under Code 1906, section 692 (Hemingway's Code, section 471), relative to trial dockets, Laws 1920, chapter 115, section 2, creating a code of rules commission, composed of the chancellors and circuit judges, and rules 6, 7, 18, and 29 of practice and procedure in the circuit courts, as adopted and promulgated by such commission, where, on first day of term, without the civil cases having been set, in the absence of plaintiff and counsel, case was called for trial peremptorily and judgment entered for defendant, it was error, whereby plaintiff was denied substantial right, to refuse to set aside the judgment and set the case for trial on another day of the term.

*Corpus Juris-Cyc References: Constitutional Law, 12CJ, p. 826, n. 70, 71, 72; Judgments, 34CJ, p. 160, n. 24 New; p. 423, n. 32.

APPEAL from circuit court of Bolivar county, Second district.

HON. W. A. ALCORN, JR., Judge.

Action by the International Shoe Company against H. Garfinkle. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

*Chambers & Trenholm,* for appellant.

For statutes and rules of practice and procedure applicable here, see section 471, Hemingway's Code (section 692, Code of 1906). See also Rules 6, 7, 18, 29, of Practice and Procedure, promulgated by the commission of chancellors and circuit judges, acting under authority of chapter 115, Laws of 1920.

To state the case is to answer the question. The plaintiff did everything necessary for him to do. After filing his suit, he followed it up before the first term by asking for a copy of the docket required by law and by rule. There was no docket. It would be set the first day. It must be set in order of the cases on the general docket. There were one hundred twenty-seven cases to go on the trial docket ahead of this case. A grand jury must be empaneled and charged, and two petit juries empaneled before the docket could be set. At noon plaintiff was

following up the case. It had been dismissed. Motion was promptly made to reinstate and set it for trial. That was denied. A "jury and verdict" having been entered, a new trial was requested. That was denied. Justice was denied.

In 1842 this court held that the statute, which was practically the same as now (Hutchison's Code, chapter 53, page 738, articles 3 and 4) was mandatory and that it was error for the trial court to force a trial before the day for which the case was set on the issue docket in its proper order. *Fall & Howard* v. *Commissioners,* 3 S. & M. (11 Miss.) 127, seems to have settled the law in this state upon that point, for we can find no other decision except one that holds that a replevin suit having precedence over others may be set otherwise. *Tifft* v. *Virden,* 11 S. & M. (19 Miss.) 153; and another that holds the clerk liable upon his bond for failure to set the docket. *Brown* v. *Lester,* 13 S. & M. (21 Miss.) 392.

That the rules promulgated by the judges and chancellors are to be obeyed and, therefore, may be relied upon by litigants, is the effect of this court's decision in *Williams* v. *State,* 87 So. 273.

*Shands, Elmore & Causey,* for appellee.

Appellant was charged with notice of the day the court would convene and had actual knowledge thereof. He knew that state of the pleadings. He was advised that the cases would not be distributed out through the term but that all cases would be called on the first day. He had knowledge that the circuit judge had directed the clerk to set all the cases for call on the first day of the term, reserving the right to himself, if he saw fit, upon proper showing, to reset some cases for a later day. Such was the order and intent of the judge. Appellant knew that his case had not been set for a day later than

the first day. It was, therefore, his duty to be present in court and look after his interest.

When this case was reached, no one answered for the plaintiff. The court called upon the defendant for an answer. Defendant was in court, ready for trial, and so announced. The court, however, declined to pass the case, there being no showing whatever as to why appellant was not present in court, and stated that it would dismiss the case, to which appellee objected because he had already gone to the trouble and expense of preparing for trial and wanted to conclude the matter; whereupon he demanded a trial which was ordered. No evidence was introduced on behalf of appellant; appellant having the affirmative of the issue and having no proof introduced to sustain it, there was nothing left to be done except for a peremptory instruction to be given for the defendant.

It is argued that the law and the rules require that the clerk shall set the docket under the direction of the court. The legislature does not undertake to say how many cases shall be set for any one day. That is a matter which is addressed to the sound discretion of the circuit judge, which discretion he shall exercise in the light of conditions known to him to exist at any particular court, for the purpose of expediting the business of the court.

The cases relied on by appellant are not in point. *Fall and Howard* v. *Commissioner,* 3 S. & M. 127, was where the court had set a case for a given day which order of the court, of course, all parties in interest had a right to rely upon; but disregarding this setting the court without notice, at an earlier day, disposed of the case. This was, of course, error.

In *Tifft* v. *Virden,* 11 S. & M. 153, the court clearly recognized the right of the circuit judge to control the setting of cases and recognized the right of the circuit judge to change a setting which had been made by the clerk, a right which we contend the circuit judge had in this case, and which right he exercised.

*Brown* v. *Lester,* 13 S. & M. 393, was a suit against the circuit clerk because he failed to place a case on the trial docket at all, by reason of which plaintiff failed to get a trial at the proper term of court.

*Williams* v. *State,* 87 So. 273, clearly decides that the method of procedure in the trial of cases is left to the discretion of the trial judge.

We submit that the circuit judge complied with the statute because the statute does not undertake to control the circuit judge in the way in which he does set the docket. Moreover, if the legislature should enact such a statute, it would be an infringement upon the inherent power of the circuit court, created by the constitution, and would be null and void. *Y. & M. V. R. R. Co.* v. *Wallace,* 90 Miss. 609.

*Chambers & Trenholm,* in reply, for appellant.

Had the judge set the entire docket for the first day, which according to this record he did *not* do, the case might be different; but that would not be even a substantial compliance with the statute and rule considering their reason, particularly in view of the number of cases to be considered.

ANDERSON, J., delivered the opinion of the court.

Appellant brought this action in the circuit court of the Second district of Bolivar county against appellee on an open account for eight hundred ten dollars and sixty-seven cents. There was a verdict and judgment for the appellee from which judgment appellant prosecutes this appeal.

On the first day of the term of the court, in the absence of appellant and its attorney, a verdict and judgment in favor of appellee was written up by appellee's attorney, and entered upon the minutes of the court, without any actual trial having taken place. The court

asked appellee's attorney whether he would take a dismissal of the suit, or a jury and verdict. Appellee's attorney stated that he would take a jury and verdict for his client, resulting as stated.

On the first day of the term of court, without the civil cases having been set, this case was called for trial peremptorily. On the fifth day of the term the court overruled a motion by appellant to set aside the judgment and reinstate the case on the issue docket, and set it for trial on a day during the term of court. This motion was overruled by the court. Thereupon, on the same day, appellant entered a motion for a new trial, which was overruled by the court. At Rosedale, where a term of court was being held, shortly before the term at Cleveland for the Second district of Bolivar county was to be held, the circuit clerk of Bolivar county asked the circuit judge of the district if the docket was going to be set for the Cleveland term. The judge directed the clerk not to set the docket in advance for the Cleveland term, and the clerk understood what the judge said that the judge would set the civil docket for the Cleveland term on the first day of that term. On the 4th day of November the clerk received a letter from appellant's attorney, requesting a copy of the docket for the Cleveland term, or other information in possession of the clerk with reference to the setting of this particular cause. The clerk replied that no docket had been set in advance, but would be set by the court on the first day of the term.

On the first day of the term, which was November 8th, the docket was not set, nor was this case set for any particular day, but was called peremptorily for trial, and a verdict and judgment was taken for appellee, as above stated, in the absence of appellant's attorney. It had been the custom of the court for at least the previous seven years to have the civil docket of the Cleveland term set in advance, and copies mailed to the attorneys representing the parties. It had also been the custom during that time to set the civil cases on the trial docket in the

order in which they appeared on the general docket. There were approximately one hundred twenty-seven civil cases ahead of this case. At the noon hour on the first day of the term of court at which the judgment of this cause was taken, appellant's attorney, who resided at Jackson, telephoned the attorney for appellee in reference to the setting of this case for trial, and was advised by the attorney for appellee that the case had been dismissed instead of being set.

Did the court err in refusing to set aside the judgment for appellee and set the cause for trial during the term of the court at which the judgment was taken? Section 692, Code of 1906 (section 471, Hemingway's Code), provides as follows:

"Before each term of the court the clerk shall make out a docket, in which he shall enter all cases triable at the approaching term in the order in which they are filed and numbered; and, under the control of the court or judge, he shall set the causes for the several days of the term, commencing with the first day, and proceeding so far in the term as the number of suits may require. Subpoenas shall be made returnable on the day for which the case may be set; and a case shall not be taken up for trial before that day, except by consent. The court shall call the cases in the order in which they stand on the docket, and each case shall be tried or continued, or set for trial on a future day, before proceeding to the trial of any other, except by consent."

Section 2, chapter 115, Laws of 1920, provides, among other things, that:

"A commission composed of the chancellors and circuit judges is hereby created and charged with the duty of formulating and promulgating and, as need may arise, from time to time, revising a code of rules of practice and procedure in the circuit and chancery courts."

Under the authority of that statute and Code section above copied, the circuit judges and chancellors of the state organized themselves into a commission and adopt-

ed and promulgated a code of rules governing the practice and procedure in those courts. Rules 6, 7, 18, and 29 of the Code of Rules adopted and promulgated by the circuit judges and chancellors follow:

"Rule 6. All jurors, officers of the court, witnesses and attorneys, whose presence is necessary for the trial of the cases set down for that day shall be on hand promptly at the time fixed for the opening of court, and for any violation of this rule, where delay is caused, a fine of not more than twenty-five dollars will be enforced against the offending person.

"Rule 7. It shall be the duty of the clerk, in counties other than the residence of the judge, three weeks before the first day of any term of court, to transmit to the judge thereof, a list of all civil cases that will then be for trial, giving those that will probably be tried, and designate which are cases of original jurisdiction and those brought up on appeal, and any other information as to each case that will aid the judge in properly setting the docket. The judge shall within a week from the day the list is received, set the docket, and all interested persons and attorneys may within the week allowed him for setting the docket, be heard concerning the same, personally or by letter, in the interest of a proper and economical setting of the docket. After the docket has been set, the judge shall promptly mail the list, with the setting of the cases, to the clerk, who shall issue all process accordingly, and also make and mail a copy of such calendar to each lawyer interested, when he knows the residence or post office address of such attorney. No change will be made in the dates for which cases are set without the consent of the judge."

"Rule 18. Requests for *subpœnas* must be made in writing and delivered to the clerk at least one week before the day the case is set for trial, giving location of witnesses and other information, so as to furnish sure guide to the officer serving the *subpœna*, which request shall be preserved by the clerk. And service shall be re-

quired on a witness but once, but when a case is continued witnesses must be called and notified when to return.''

''Rule 29. Any judge may adopt additional necessary rules, in any county of his district, that are not in conflict with these rules.''

The legislature by direct enactment has the power to prescribe rules of pleading, practice and procedure in the courts in order to facilitate the administration of justice; or the legislature may set up a commission as provided by section 2, chapter 115, of the Laws of 1920, with authority to adopt and promulgate such rules; or the legislature may adopt such rules in part by direct enactment, and set up a commission, with authority to adopt and promulgate additional and supplementary rules governing the practice and procedure in the courts. By the various pleading and practice statutes of this state governing the pleading and practice in the circuit and chancery courts, in connection with section 2, chapter 115, Laws of 1920, the legislature has adopted the latter policy. The only limitation upon the power of the legislature to make such rules by direct enactment, is the organic law. The circuit and chancery courts of this state are constitutional courts. The legislature is without power to enact rules of practice and procedure which would unduly hamper or impair the administration of justice in such courts. But within that limitation the power of the legislature to enact statutes governing the practice and procedure in the courts, is undoubted. Likewise the power of a rule-making commission for the courts, set up by the legislature for that purpose, is amply established by the authorities. The only limitation on such rule-making power is that the rules adopted by the commission must not run counter either to the organic law of the state or to the pleading and practice statutes enacted by the legislature, and in addition, must be reasonable and just, and calculated to facilitate the administration of justice in the courts. This question is discussed

and authorities cited in 7 R. C. L., sections 50 to 56, inclusive, pp. 1023 to 1028.

We are of opinion that, under the provision of section 692, Code of 1906 (section 471, Hemingway's Code), and section 2, chapter 115, of the Laws of 1920, the rules of practice and procedure in the circuit courts adopted and promulgated by the circuit judges and chancellors of the state in pursuance of the latter statute, which rules were reasonable, appellant was denied a substantial right by the trial court in refusing to set aside the judgment for the appellee that was entered by the court on the first day of the term thereof, and set the case for trial on another day of the term.

*Reversed and remanded.*