206 So.2d 334 (1968)
SOUTHERN PACIFIC LUMBER COMPANY, Inc.
v.
W.A. REYNOLDS.
No. 44678.
Supreme Court of Mississippi.
January 29, 1968.
Courtney & Echols, Jackson, Lampkin H. Butts, Laurel, for appellant.
R.L. Willett, E.R. Alley, Laurel, for appellee.
ETHRIDGE, Chief Justice:
This case involves the power of the circuit court to make rules for the efficient handling of appeals to it from the county court. This appeal is from an order of the Circuit Court of the Second Judicial District of Jones County, dismissing an *335 appeal from the county court for appellant's failure to comply with the Circuit Court's rules.
In January 1965, appellee W.A. Reynolds gave an $8,000 note and chattel deed of trust covering certain machinery to his brother, H.C. Reynolds. In May 1965, Southern Pacific Lumber Company, appellant, obtained a judgment for $2,926 against W.A. Reynolds, and caused a writ of execution to be issued. After the sheriff levied on certain machinery as the property of W.A. Reynolds, W.L. Willett, trustee for H.C. Reynolds in the deed of trust, intervened, claiming the items levied upon were subject to the lien and that it had priority. After trial in the County Court of Jones County, judgment was rendered for the appellee in June 1966. The county court found that the chattel deed of trust held by H.C. Reynolds, beneficiary, was a prior lien to that of appellant's judgment. Southern Pacific gave proper notice to the court reporter to transcribe her notes, and filed a cost bond for appeal to the circuit court.
The rules of the Circuit Court of Jones County require, in appeals from the county court, the filing of an assignment of errors and brief by the appellant thirty days after the filing of the record or the mailing of notice to the court reporter, whichever is later. Appeals to the circuit court from county court are considered solely upon the record, and may be heard by the circuit court in term time or vacation.[1]
The circuit court found that the record was filed not later than October 19, 1966. The general docket erroneously indicated December 7. It stated that, even if this original docketing date were correct, the assignment of errors and brief of Southern Pacific were due on January 7, 1967. However, appellant did not file any pleadings, and on January 16, 1967, the opening day of the January term, no reason was shown as to why appellant did not comply with the circuit court rules. Hence on January 24 the circuit court dismissed Southern Pacific's appeal for lack of prosecution as required by its rules. Southern Pacific has appealed from that order to this Court. The record does not reflect any effort by appellant to justify to the circuit court its failure to comply with the rules. There is no evidence that that court abused its discretion in dismissing Southern Pacific's appeal from the county court, so we affirm the order of dismissal.
The circuit court has ample power to promulgate rules pertaining to appeals to it from the county court. There are two sources or foundations for the rulemaking power of the circuit court. First, it is a constitutional court, with the inherent power to make rules for the efficient and expeditious disposition of its judicial business.
Mississippi Constitution Article VI section 144 (1890) provides: "The judicial power of the state shall be vested in a Supreme Court and such other courts as are provided for in this Constitution." Under section 156 of the Constitution, the circuit court has original jurisdiction in all matters civil and criminal not vested by the Constitution in some other court, "and such appellate jurisdiction as shall be prescribed by law."[2] The phrase "judicial power" in section 144 of the Constitution includes the power to make rules of practice and procedure, not inconsistent with the Constitution, for the efficient disposition of judicial business.[3]
*336 An additional source of the circuit court's power to promulgate the rule in question is Mississippi Code 1942 Annotated section 1664 (1956), which provides:
Each court * * * shall also have power to arrange the business therein in a convenient manner, and to establish, from time to time, rules and orders for the conducting of suits and pleadings and respecting all matters to be done in term time or in vacation not repugnant to law.[4]
For all of these reasons, the order of the circuit court dismissing Southern Pacific's appeal from the county court is affirmed.
Affirmed.
All Justices concur.
NOTES
[1] Miss.Code 1942 Ann. § 1616 (Supp. 1966).
[2] See also Miss.Const. art. 6, §§ 152, 153, 154, 158, 162 (1890).
[3] See Pound, The Rule-Making Power of the Court, 12 A.B.A.J. 599 (1926); Tyler, The Origin of the Rule-Making Power, 22 A.B.A.J. 772 (1936); Dowling, The Inherent Power of the Judiciary, 21 A.B.A.J. 635 (1935); Cummings, A Rounded System of Judicial Rule-Making, 72 U.S. L.Rev. 337 (1938); Joiner & Miller, Rules of Practice and Procedure, A Study of Judicial Rule-Making, 55 Mich.L.Rev. 623 (1957); Pound, Procedure Under Rules of Court in New Jersey, 66 Harv. L.Rev. 28 (1952); Institute of Judicial Administration, Rule-Making Power of the Courts (1955); 16 Am.Jur.2d Constitutional Law §§ 219-21 (1964); Annots., 110 A.L.R. 22 (1937), 158 A.L.R. 705 (1945). Mississippi Constitution section 144 vests "the judicial power of the state" in the Supreme Court and other constitutional courts. Constitution sections 1 and 2, separating the powers of state government into three distinct departments, allocates "those which are judicial" powers to the judicial department, and prohibits one department from exercising "any power properly belonging to either of the others." Under Constitution section 146 the Supreme Court has "such jurisdiction as properly belongs to a court of appeals." The instant case does not involve any issue concerning the Supreme Court's power to make rules of practice for trial courts. Nor is Yazoo & M.V.R.R. v. Kirk, 102 Miss. 41, 56, 58 So. 710, 834 (1912), relevant on that question, where on suggestion of error the court held only that the statute of limitations must be specially pleaded. Kirk merely commented that the then existing Supreme Court rules had no application to practice in lower courts, as was manifest from their language. See generally R.E.W. Constr. Co. v. District Court of Third Judicial Dist. of Idaho, 88 Idaho 426, 400 P.2d 390 (1965); Annots., 110 A.L.R. 22, 55 (1937), 158 A.L.R. 705, 720 (1945); 20 Am.Jur.2d Courts §§ 82-86 (1965); 21 C.J.S. Courts §§ 170-180 (1940); Tyler, The Origin of the Rule-Making Power, 22 A.B.A.J. 773 (1936); Pound, Regulating Procedural Details by Rules of Court, 13 A.B.A.J. 12 (1927).
[4] See International Shoe Co. v. Garfinkle, 146 Miss. 799, 112 So. 168 (1927) (upholding certain circuit court rules pertaining to method of setting docket of that court). See generally Fourth Annual Mississippi Law Institute, Annotated Rules of the Chancery, Circuit and Supreme Courts of Mississippi (1949); Rules of the Circuit Courts of Mississippi, 1953 (pamphlet issued by the Mississippi Book Exchange and Mississippi Reporting Service).