214 So.2d 601 (1968)
GULF COAST DRILLING & EXPLORATION COMPANY and Aetna Casualty & Surety Company
v.
Henry PERMENTER.
No. 44969.
Supreme Court of Mississippi.
October 7, 1968.
*602 James A. Becker, Jr., Watkins & Eager, Jackson, for appellants.
William Harold Odom, Maxey & Clark, Laurel, for appellee.
INZER, Justice:
This is a Workmen's Compensation case. The only questions to be determined on appeal are whether circuit courts have the power to dismiss appeals made from the Mississippi Workmen's Compensation Commission for failure to follow the court's rules governing such appeals and whether in this case, given such power, the circuit court abused its discretion in dismissing this appeal. We hold that the circuit courts of this State do have the power to dismiss such appeals in enforcing their rules and that in the present case the dismissal was not an abuse of the court's discretion.
On May 30, 1961, the Circuit Court of Jones County promulgated certain rules governing appeals made from the Mississippi Workmen's Compensation Commission. Among other provisions, the rules set the return day for such appeals as fifteen days after the date the record is filed with the circuit clerk. An appellant's brief is to be filed no later than five days after the return date so set.
On February 6, 1967, the Mississippi Workmen's Compensation Commission made and filed an award in favor of Henry Permenter, appellee herein. A record of the hearing was prepared and at the instance of the appellants was forwarded to the Circuit Court of Jones County. It was received and filed by the circuit clerk on February 11, 1967. A petition for appeal with supersedeas was granted on February 27, 1967, and the bond thereon was approved on March 3, 1967. On May 12, 1967, appellee filed a motion to dismiss the appeal because of the failure of appellants to comply with the rules of the court governing such appeals and thereafter on May 23, 1967, appellants filed their assignment of errors and brief. Appellants made no answer to the motion to dismiss and it was sustained by order of the circuit judge on May 30, 1967. Appellants then filed a motion to set aside the order of dismissal and supported the motion with an affidavit which gave as reason therefor the excusable neglect of appellants' attorney who had no official notice of the rules of the Circuit Court of Jones County. The counter-affidavit of appellee had letters attached as exhibits which indicated that the firm representing appellants did have knowledge of the rules. The motion to set aside the order of dismissal was overruled. Hence this appeal.
The record firmly establishes the following facts: (1) The rules were properly promulgated on May 30, 1961; (2) Appellants' brief was filed some 96 days late and only then after the motion to dismiss had been filed; (3) Appellants' attorney of record is a member of a firm which can be shown to have had knowledge of the existence of the rules in question.
Appellants' first contention is that the statute governing appeals from the Workmen's Compensation Commission to the circuit courts, Mississippi Code of 1942 Annotated, section 6998-26 (1952), limits the options available to circuit courts in dealing with those appeals. It is contended that since the statute mentions only affirming, remanding or reversing, these are the limits of the circuit court's options.
In Southern Pacific Lumber Co., Inc. v. Reynolds, 206 So.2d 334 (Miss. 1968) we held that the circuit courts of this state have ample constitutional, statutory and inherent powers to make and enforce, by dismissal, rules governing appeals from the county courts.
The statute governing appeals from the county courts, Mississippi Code of 1942 Annotated, section 1616 (Supp. 1966), interpreted by Southern Pacific Lumber Co., Inc. supra, does not in our opinion contain any major differences in wording from the statute governing appeals from the Workmen's Compensation Commission. This would indicate that there was no legislative *603 intent to limit the powers of circuit courts in appeals of Workmen's Compensation cases. Moreover, we rejected a similar contention of limitation of power in Coulter v. Harvey, 190 So.2d 894 (Miss. 1966). There it was contended that the provisions of Section 6998-26 required the circuit court on appeal to review the entire record in each compensation case appealed to it, whether errors are assigned or not, and if error is detected, it should correct the same and do that which the commission should have done. We did not find any merit in this contention and, in effect, held that the statute did not limit the power of the circuit court as an appellate court and that we would not consider a cross-appeal to this Court where none had been made to the circuit court from the commission.
We hold that the circuit courts are intermediate courts of appeal in workmen's compensation cases just as they are in county court cases. As such they are governed by the same rules and endowed with the same powers applicable to courts of appeal under appellate tradition.
Appellants' second contention is that even if the Circuit Court of Jones County had the power to dismiss the appeal, it abused its discretion in so doing under the circumstances. The circumstances alleged were the lack of knowledge of the court's rules due to the failure of the circuit clerk to send a copy of the rules to appellants' attorney of record, and the injustice which would be brought about by the failure of the appellants to have their day in court. Even in overlooking the evidence in the record charging the appellants with constructive knowledge, we have been unable to find any statutory or case authority upholding appellants' contention of a duty on the circuit clerks to apprise each attorney of the rules of their courts. To so hold would be a judicial imposition of an undue burden on that office. It is not, however, an undue burden to require that attorneys familiarize themselves with the rules of the court they are before. It is, therefore, the negligence of an attorney that is in question and whether a court abused its discretion in failing to overlook it.
Appellants cite a number of cases wherein this Court relaxed its rules when there had been a technical violation in order to promote justice and to give parties their day in court. In Watkins v. Taylor, 216 Miss. 822, 65 So.2d 461 (1953) this Court decided to overlook a late filing of a motion to correct an error in judgment noting that the rule governing the filing was new and relatively unknown to lawyers. However, the question presented in this case is not whether this Court would relax its rules under similar circumstances, but whether the circuit court abused its discretion in enforcing its rules under the circumstances. This Court cannot and will not substitute its discretion for that of a lower court.
From a reading of the record we cannot say that the Circuit Court of Jones County abused its discretion in dismissing appellants' appeal for failure to file briefs and prosecute until 96 days after the return day in violation of a six-year-old rule when the only excuse offered was the alleged lack of knowledge of that rule.
It is true that injustices ought not be imposed because of minor infractions of court rules and parties ought to be allowed their day in court. However, there are other interests of society that also must be served. The orderly and expeditious handling of workmen's compensation appeals to the circuit courts is an interest that the legislature has recognized by giving such appeals priority over all civil actions except election contests. Mississippi Code 1942 Annotated, section 6998-26 (1952). The rules promulgated by the circuit court not only recognize this legislative intent, but also specifically stated that the rules were adopted in an effort to uphold and effectively carry out this intent.
We hold that the action of the circuit court in overruling appellants' motion to *604 set aside the order sustaining appellee's motion to dismiss the appeal was within its constitutional, statutory and inherent power and was not an abuse of its discretion. For this reason this case is affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, JONES and BRADY, JJ., concur.