310 So.2d 703 (1975)
A.S. SCOTT, Jr.
v.
STATE of Mississippi.
No. 47947.
Supreme Court of Mississippi.
March 24, 1975.
Rehearing Denied April 14, 1975.
*704 E.K. Collins, Laurel, for appellant.
A.F. Summer, Atty. Gen., by John C. Underwood, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before RODGERS, SMITH and SUGG, JJ.
SMITH, Justice.
A.S. Scott, Jr., an attorney at law, appeals from a judgment of the Circuit Court of Jones County adjudging him in contempt and imposing a fine of $25.
It appears from the record that Mr. Scott, while acting as counsel for a defendant in a felony prosecution, refused to comply with Rule 14 of the Uniform Rules of the Circuit Courts of Mississippi. This rule requires the filing, prior to trial, of jury instructions which a party intends to request.[1] In the present case, Mr. Scott, as counsel for the defense, made it clear to the court that his failure to prefile was not inadvertent but willful, unequivocal and adamantine. The purpose of his refusal, gathered from his statement to the court, was to interpose a direct challenge to the constitutionality of Rule 14. This is not to suggest, however, that Mr. Scott's refusal to comply with the rule was couched in other than the most courteous and deferential language.
Section 144 of the Mississippi Constitution of 1890 provides:
The judicial power of the state shall be vested in a Supreme Court and such other courts as are provided for in this Constitution.[2]
Circuit courts are "provided for" in sections 156 and 158 (and related sections) of the Mississippi Constitution of 1890.
In Southern Pacific Lumber Company v. Reynolds, 206 So.2d 334 (Miss. 1968), it was said:
The circuit court has ample power to promulgate rules pertaining to appeals to it from the county court. There are two sources or foundations for the rule making power of the circuit court. First, it is a constitutional court, with the inherent power to make rules for the efficient and expeditious disposition of its judicial business. (206 So.2d at 335).
And further:
The phrase "judicial power" in section 144 of the Constitution includes the power to make rules of practice and procedure, not inconsistent with the Constitution, for the efficient disposition of judicial business. (206 So.2d at 335).
*705 In Southern Pacific, supra, the Court also referred to Mississippi Code Annotated section 9-1-29 (1972), which provides:
Each court shall have control over all proceedings in the clerk's office of such court during the preceding vacation, and may correct any errors or mistakes therein, and may set aside any of said proceedings and make such order therein as may be just and proper; and may, for good cause shown, reinstate any case discontinued during such vacation; and shall also have power to arrange the business therein in a convenient manner, and to establish, from time to time, rules and orders for the conducting of suits and pleadings and respecting all matters to be done in term time or in vacation not repugnant to law.
Moreover, the inherent rule making power of courts generally is recognized throughout the country. Wright and Miller, Federal Practice and Procedure, section 1001 at 25-31 (1969); 20 Am.Jur.2d Courts, sections 44-45 and 82 (1965); 21 C.J.S. Courts § 170 (1940).
We conclude, therefore, that the adoption of Rule 14 was within the inherent power of the circuit courts of Mississippi. The rule is reasonable and has effected a substantial reduction in the number of reversals and new trials made necessary by errors in jury instructions.
In his able and erudite brief, Mr. Scott suggests that requiring a defendant in a criminal case to prefile requests for jury instructions is an unconstitutional invasion of his right against self-incrimination as protected by the Fifth Amendment to the Constitution of the United States and Section 26 of the Mississippi Constitution of 1890. No authority has been cited supporting this proposition and we find it to be without merit.
Responding to the above argument, the State cites Rule 30 of the Federal Rules of Criminal Procedure as bearing some analogy to Rule 14:
At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. At the same time copies of such requests shall be furnished to adverse parties. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, ...
In United States v. Bass, 425 F.2d 161 (7th Cir.1970), the Court, in dealing with Rule 30, supra, said:
First, under Rule 30 of F.R.Crim.P. we think counsel should be informed of all instructions that will be given to the jury and to read Rule 30 as being applicable only to instructions proposed by counsel would emasculate its purpose which is in part to allow counsel, knowing the instructions to be given, to effectively argue his case to the jury. (425 F.2d at 162-163).
Also, of interest in this regard is United States v. Tourine, 428 F.2d 865 (2d Cir.1970):
If requests to charge are to be of any value at all to the trial judge, they must be filed sufficiently in advance of the giving of the charge so that they may be considered by the judge when he prepares the charge. See 8 J. Moore, Federal Practice § 30.03[1] (2d ed. 1969). The requirement that the requests be filed prior to the close of the evidence is also desirable for the purpose of enabling opposing counsel to frame his summation as well as make objections to the proposals. See id. at § 30.03[2]. In the present case both of these objectives were frustrated by appellants' delay. We find it difficult to understand, how trial lawyers, as experienced as those in this case, can seriously contend that they expected the trial judge to give rulings on detailed requests to charge which *706 were submitted to him only minutes before he was required to charge the jury. (428 F.2d at 869).
Rule 14, for similar reasons, is neither arbitrary, nor capricious, and, in practice, has proved efficacious in eliminating errors from jury instructions before they are given, so that the number of reversals and new trials for misdirection of the jury has been reduced.
The trial court, in its opinion finding Mr. Scott to be in contempt, observed:
In a criminal case if the Court were to take the action that it did, or should, in a civil case, namely, the refusal to grant any instructions not so previously pre-filed, it would be prejudicial [sic] to the constitutional rights of the defendant and probably result in a reversal of his conviction, in the event he were convicted. So, in this case, the Court has granted certain instructions for the defendant even though counsel for the defendant deliberately and wilfully took it upon himself not to comply with that rule [Rule 14] of the Court... .
......
An appropriate sanction for the failure to comply with the rules of the court so adopted in a civil case would be the refusal of any instructions on behalf of the party who deliberately refused to comply with Rule Fourteen. On the other hand this Court is of the opinion that in a criminal case such as this it would be reversible error not to grant appropriate instructions for the defendant when requested, even if they were not timely filed.
Therefore, the only available means which the Court has in a criminal case under the circumstances presented by the above facts is to hold the offending attorney in contempt of court, otherwise the Court would be at the mercy of the attorney, who would be left to decide which rules would be obeyed and which would be disobeyed.
Obviously, from Mr. Scott's remarks appearing in the record, his actions were motivated by a desire to represent his client and he chose this method of testing the constitutionality of Rule 14. The trial court apparently recognized this in imposing a fine of only $25.
We hold that Rule 14 of the Circuit Courts of Mississippi is not an unconstitutional invasion of any right of defendants in criminal cases, nor is it unreasonable. On the contrary, it promotes the administration of justice and the efficient operation of the courts. In this case, the action of Mr. Scott in confronting the trial court with a willful and adamantine refusal to comply with Rule 14 amounted to a direct contempt, for which a fine was properly imposed. This conclusion neither denies nor impairs the right of a defendant in a criminal case to challenge the constitutionality of any court rule by timely motion or objection.
The judgment appealed from is affirmed.
Affirmed.
GILLESPIE, C.J., and PATTERSON, INZER, ROBERTSON, WALKER and BROOM, JJ., concur.
NOTES
[1] RULE 14. At least twenty four hours prior to the time that a case is set for trial each of the attorneys shall number and file his jury instructions with the clerk and submit to opposing counsel a numbered copy of the instructions so filed in the case. When the requested instructions are submitted to the court at the conclusion of the taking of testimony the opposing attorney shall dictate into the record his specific objections to the requested instructions and specifically point out his grounds for objection. Instructions will not be given after argument has begun except in extreme cases of injustice and in such cases the adverse parties shall have an opportunity to submit other instructions. Except for good cause shown, the court will not entertain a request for additional instruction or instructions, which have not been pre-filed in accordance with the above.
[2] SEE the recent case of Cecil Newell v. State of Mississippi, 308 So.2d 71 (decided January 27, 1975, and not yet reported), for a discussion of the inherent power of courts to adopt rules.