CARLTON, J.,
Dissenting:
¶ 16. I respectfully dissent. I find that the excessive surety bond, amounting to double of the amount in controversy, required by Mississippi Code Annotated section 27-77-7(3) (Rev.2005) in order to gain access to judicial review, constitutes an unreasonable legislative barrier to 5K Farms, Inc.’s right to due process and judicial review. Moreover, this unreasonable barrier to judicial review relates to a procedural matter interfering with the discharge of judicial functions.
¶ 17. Mississippi Rule of Civil Procedure 3(a) states: “A civil action is commenced by filing a complaint with the court.” When a valid complaint is filed, the judiciary then governs the procedure surrounding the assertion of the legislatively created right to sue. See Wimley v. Reid, 991 So.2d 135, 137-38 (¶¶9-16) (Miss.2008). Once the court’s jurisdiction attaches, the Legislature lacks the authority to regulate judicial discretion or deprive the judiciary of its established jurisdiction. See Jones v. City of Ridgeland, 48 So.3d 530, 536 (¶ 9) (Miss.2010); Alexander v. State ex rel. Allain, 441 So.2d 1329, 1335-36 (Miss.1983) (overruled on other grounds). In Jones, the Mississippi Supreme Court explained that: “ ‘The rule is well settled that the judicial power cannot be taken away by legislative action .... [and][a]ny legislation that hampers judicial action or interferes with the discharge of judicial functions is unconstitutional.’ ” Id. (citing City of Belmont v. Miss. State Tax Comm’n, 860 So.2d 289, 297 (¶ 16) (Miss.2003)).
¶ 18. The unreasonably high surety bond in the case before us constitutes a procedural rule as defined by the Mississippi Supreme Court. The supreme court defined “procedure” as “[t]he mode of proceeding by which a legal right is enforced, as distinguished from the substantive law which gives or defines the rights, and which, by means of the proceedings, the court is to administer; the machinery, as distinguished from its product.” Jones, 48 So.3d at 537 (¶ 15) (quoting Black’s Law Dictionary 1203-04 (6th ed.1990)). The supreme court further noted that when litigants appeal to an appellate court, the Mississippi Rules of Appellate Procedure provide the “‘mode of proceeding’ to ensure that the contested ‘legal right is enforced.’ ”[2] Id.
¶ 19. In addressing the supreme court’s authority to promulgate procedural rules, to include appellate procedural rules, the court fully explained that:
The separation-of-powers doctrine outlined in Article 1, Sections 1 and 2, of our Constitution prescribes the limitations on the power of each branch of government. This doctrine ensures that *296 the coequal branches do not encroach on the power of the others. Alexander v. State By and Through Allain, 441 So.2d 1329, 1335-36 (Miss.1983). Further, this Court has held that “[t]he rule is well settled that the judicial power cannot be taken away by legislative action. Nor may the Legislature regulate the judicial discretion or judgment that is vested in the courts. Any legislation that hampers judicial action or interferes with the discharge of judicial functions is unconstitutional.” City of Belmont v. Miss. State Tax Comm’n, 860 So.2d 289, 297 [ (¶ 16) ] (Miss.2003) (citing 16A Am. Jur.2d Constitutional Law § 286, at 209-10 (1998)).
We also must be cautious not to encroach on the constitutional powers belonging to the Legislature. See Finn v. State, 978 So.2d 1270, 1273 (Miss.2008) (citing Miss. Ethics Comm’n v. Grisham, 957 So.2d 997, 1003 (Miss.2007)). Our appellate jurisdiction is granted by both the Constitution and the Legislature “by general law.” Miss. Const, art. 6, § 146. Further, we have consistently held that a litigant’s right to an appeal is statutory and “not based on any inherent common law or constitutional right.” Gill v. Miss. Dep’t of Wildlife Conservation, 574 So.2d 586, 590 (Miss.1990); Fleming v. State, 553 So.2d 505, 506 (Miss.1989) (citing Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312-13, 77 L.Ed.2d 987 (1983)).
While the Legislature has the constitutional power to determine our appellate jurisdiction, the Constitution also grants the judiciary the power to establish its own rules of practice and procedure. Article 6, Section 144, states that “[t]he judicial power of the state shall be vested in a Supreme Court and such other courts as are provided for in this Constitution.” Miss. Const, art. 6, § 144. “The phrase ‘judicial power’ in Section 144 of the Constitution includes the power to make rules of practice and procedure, not inconsistent with the Constitution, for the efficient disposition of judicial business.” S. Pac. Lumber Co. v. Reynolds, 206 So.2d 334, 335 (Miss.1968) (citations omitted). The “fundamental constitutional concept of separation of powers” gives this Court the “inherent power ... to promulgate procedural rules.” Newell v. State, 308 So.2d 71, 76 (Miss.1975) (citing Matthews v. State, 288 So.2d 714, 715 (Miss.1974); Gulf Coast Drilling & Exploration Co. v. Fermenter, 214 So.2d 601, 603 (Miss.1968); and S. Pac. Lumber Co., 206 So.2d at 335 (Miss.1968)).
The issue before us is whether the Legislature may allow some litigants to appeal to this Court, while placing the restrictions of a constitutional question and approval from a circuit judge or Supreme Court justice on others. More specifically, does the “three-court rule” in Section 11-51-81 infringe on this Court’s constitutional “power to make rules of practice and procedure!?]” S. Pac. Lumber Co., 206 So.2d at 335. In addressing this issue, “we are unable to ignore the constitutional imperative that the Legislature refrain from promulgating procedural statutes....” Wimley v. Reid, 991 So.2d 135, 138 [ (¶ 15) ] (Miss.2008). “We believe no citation of authority is needed for the universally accepted principle that if there be a clash between the edicts of the Constitution and the legislative enactment, the latter must yield.” Newell, 308 So.2d at 77. “The rule is well settled that the judicial power cannot be taken away by legislative action. Nor may the Legislature regulate the judicial discretion or judgment that is vested in the courts.” 16A Am. Jur.2d Constitutional Law § 286, at 209-10 (1998).
*297 In 1975, we first exercised our constitutional right to promulgate procedural rules in Newell. Newell, 308 So.2d at 76. Based on this authority, we adopted the Rules of Civil Procedure in 1981, the Rules of Evidence in 1985, and the Rules of Appellate Procedure in 1995. This power is also supported by statute. Mississippi Code Section 9-8-61 states in part:
As a part of the judicial power granted in Article 6, Section 144, of the Mississippi Constitution of 1890, the Supreme Court has the power to prescribe from time to time by general rules the form of process, writs, pleadings, motions, rules of evidence and the practice and procedure for trials and appeals in the Court of Appeals and in the circuit, chancery and county courts of this state and for appeals to the Supreme Court from interlocutory or final orders of trial courts and administrative boards and agencies, and certiorari from the Court of Appeals.
Miss.Code Ann. § 9-3-61 (Rev.2002).
The Mississippi Rules of Appellate Procedure begin by stating “[t]hese rules govern procedure in appeals to the Supreme Court of Mississippi and the Court of Appeals of the State of Mississippi. ...” M.R.A.P 1. The comment to Rule 1 explains that the rules “are not to be construed to extend or limit jurisdiction of the Supreme Court.” Keeping in mind this Court’s constitutional rule-making authority and the Legislature’s constitutional authority to establish our appellate jurisdiction, the essential inquiry then becomes whether Section 11-51-81 is a legislative grant of jurisdiction or an infringement on our power to promulgate rules of procedure.
We view the statute to be procedural in nature rather than jurisdictional. Procedure is defined as “[t]he mode of proceeding by which a legal right is enforced, as distinguished from the substantive law which gives or defines the rights, and which, by means of the proceedings, the court is to administer; the machinery, as distinguished from its product.” Black’s Law Dictionary 1203-04 (6th ed.1990). When appealing to this Court, litigants use our Rules of Appellate Procedure as their “mode of proceeding” to ensure that the contested “legal right is enforced.” The “three-court rule” in Section 11-51-81 essentially turns off this Court’s “machinery” in the appeals process.
Id. at 536-37 (¶¶ 9-15) (footnote omitted). Thus, I respectfully submit that the statute at issue before us constitutes a procedural matter rather than a jurisdictional matter. Since the bond requirement herein fails to constitute a part of the substantive law defining or giving the rights to be adjudicated by the court, then such requirement relates to a matter of form or procedure.
¶ 20. I cannot turn a blind eye to this matter in controversy before us. The unreasonable legislative barrier to judicial review stands tall before the taxpayer in the form of an excessive bond requirement in the sum of double the amount in controversy[3] and also in 5K Farms’ request to *298 the chancery court waive this bond. 5K Farms unsuccessfully filed a motion requesting that the chancellor allow their appeal to proceed without posting bond, which the chancellor dismissed for lack of subject matter jurisdiction[4] due to lack of proper bond payment. However, I agree with 5K Farms in its argument that the requirement and subsequent failure to post the excessive surety bond constitutes a defect as to a procedural matter. See M.R.C.P. 3. See also Wimley, 991 So.2d at 137-38 (¶¶ 9-16). I also agree with 5K Farms’ assertion that the Legislature’s infringement upon the discretion of the chancellor and the imposition of an excessively high bond or payment of a contested tax assessment violates 5K Farms’ due-process rights. The surety bond herein served to protect the interests of the Mississippi State Tax Commission (MSTC) as payment in the event the taxpayer lost on appeal. However, neither the bond at issue, nor its amount, relates to an element of proof or the assertion of the right to be adjudicated by the chancellor.
¶ 21. I also submit that such infringement upon the chancellor’s discretion violates the separation of powers clause. The language of section 27-77-7(3) applicable to this case allows the chancellor no discretion to reduce or waive the bond in appropriate cases. The amended statute, effective July 1, 2010, however, does recognize the discretion of the chancellor to reduce the bond or to forego the bond entirely upon finding sufficient protection for the interests of the state to obtain payment of the taxes, interest, and penalties. I find that the surety bond, required herein to obtain judicial review, represented a purely procedural protection for the MSTC. The bond constituted an unreasonable barrier to access judicial review and to the substantive rights of the taxpayer once jurisdiction attached via a validly filed complaint. Therefore, I must dissent.
IRVING, P.J., JOINS THIS OPINION IN PART.

. The Mississippi Supreme Court has also recognized that Mississippi Rule of Civil Procedure 8(f) requires that pleadings be construed to do substantial justice. Wimley, 991 So.2d at 138 (¶ 15).

. A review of section 27-77-7(3) and its history reflects that the legislature amended this statute effective July 1, 2010, to lower the amount of the surety bond to the sum of half of the amount in controversy, and it also allows the court to exercise discretion to waive the bond in appropriate cases. The statute now provides that: '
A petition filed by a taxpayer under subsection (1) of this section that appeals an order of the Board of Tax Appeals affirming a tax assessment shall be accompanied by a surety bond approved by the clerk of the court *298 in a sum half the amount in controversy, conditioned to pay the judgment of the court. The clerk shall not approve a bond unless the bond is issued by a surety company qualified to write surety bonds in this state. Notwithstanding the above bond requirement, the chancellor retains jurisdiction, after motion, notice and hearing, to reduce the amount of the bond provided herein or to forego the bond in its entirety if he finds that the interest of the state to obtain payment of the taxes, penalties and interest in issue in the appeal are otherwise protected. As an alternative to the posting of bond, a taxpayer appealing an order of the Board of Tax Appeals affirming a tax assessment may, prior to the filing of the petition, pay to the agency, under protest, the amount ordered by the Board of Tax Appeals to be paid and seek a refund of such taxes, plus interest thereon, in the appeal.
Miss.Code Ann. § 27-77-7(3) (Rev.2010).

. On appeal, this Court reviews jurisdictional issues de novo. Harrison v. Boyd Miss., Inc., 700 So.2d 247, 248 (Miss.1997) (citing McDaniel v. Ritter, 556 So.2d 303, 308 (Miss.1989)).