FRANK THAMES v. STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Intent to wound. Intent to kill. Intent to murder.*

> An intent to wound is not an intent to murder, nor is an intent to kill necessarily an intent to murder.

2. SAME. *Instruction. Assault with intent to murder.*

> An instruction for the state in a prosecution for an assault with intent to kill and murder is fatally erroneous, if it assume an intent to wound, or an intent to kill to be the same as an intent to murder.

FROM the circuit court of Newton county.

HON. JOHN R. ENOCHS, Judge.

Thames, appellant, was indicted, tried, and convicted of an assault and battery with intent to kill and murder one Solomon Gardner, and appealed to the supreme court.

The facts may be inferred from the opinion of the court and the instruction quoted therein.

*J. R. Byrd* and *Thomas Keith,* for appellant.

The fourth instruction given for the state in which the court told the jury, that if they believed that the defendant shot at Gardner with intent to wound and kill him, they should find defendant guilty as charged. The court, by using the word "wound," told the jury to find the defendant guilty as charged if they believed he intended to commit simply an assault and battery or if he intended to commit murder. The defendant is charged with an assault with intent to kill and murder, and surely the jury should not have been told to find him guilty as charged if they believed he intended to commit simply an assault and battery.

*William Williams,* attorney general, for appellee.

The fourth instruction given for the state in which the word "wound" is used is a correct enunciation of the law. Code 1892, § 967.

"Every person who shall be convicted of shooting at another . . . willfully . . . is guilty of assault and battery with intent to kill, and shall be imprisoned in the penitentiary not more than ten years, or shall be punished by a fine of not more than $1,000, or by imprisonment in the county jail not more than one year, or both.

By a careful reading of the section of the code above cited, taking into consideration the punctuation, it will be seen that the legislature intended that one who willfully shoots at another is guilty of assault and battery with intent to kill and murder. It would be absurd to say that one might shoot at another while fleeing, and, in all probability kill, and then offer as a defense that his intention was simply to wound and not kill him. The word "wound" was not improperly used in the instruction. If it was improper to use the word in the instruction, it will be seen from the record that the verdict was manifestly right, and if so, it will not be disturbed because of an erroneous instruction. *Vance* v. *State*, 62 Miss., 137.

WHITFIELD, C. J., delivered the opinion of the court.

This was a charge of assault and battery with intent to kill and murder. The court gave, among others, the following charge for the state:

"No. 4. The court charges the jury for the state that if from all the testimony in the case they believe beyond a reasonable doubt that the defendant chased Sol. Gardner with a drawn pistol and in firing distance of said Gardner, and that the defendant further fired the said pistol in the direction of said Gardner while he was so being chased by said defendant, with intent to wound or kill him, the said Gardner, then the defendant is guilty as charged, and the jury should so find."

It will be seen that the only intent required by this charge was one to wound or kill. Neither intent to wound, nor merely intent to kill, would necessarily constitute this offense. One might intend to wound without meaning to kill, and one might intend to kill in necessary self-defense. It is essential that the intent should be to murder. The charge is fatally erroneous.

*Reversed and remanded.*