SMITH, Justice:
James Ernest Duggan was indicted in the Circuit Court of Lowndes County upon a charge of assault with intent to ravish as defined in Mississippi Code 1942 Annotated section 2361 (Supp.1971). Following his plea of not guilty, he was tried and convicted of that offense, and has appealed. The single question presented is whether appellant was denied his right to have the jury fix his punishment as provided by that section, which reads:
Every person who shall be convicted of an assault with intent to forcibly ravish any female of previous chaste character shall be punished by imprisonment in the penitentiary for life, or for such shorter time as may be fixed by the jury, or by the court upon the entry of a plea of guilty.
The State obtained an instruction containing the following language:
[T]hen you may find the defendant guilty of assault with intent to rape, and the form of your verdict will be:
“We, the jury, find the’ defendant guilty of assault with intent to rape and fix his punishment as imprisonment in the penitentiary for life.”
*512 or
“We, the jury, find the defendant guilty of assault with intent to rape and fix his punishment as imprisonment in the penitentiary for - years.”
filling in the number of years as fixed by the jury — in the blank.
Writing your verdict on a separate sheet of paper.
Upon the conclusion of the trial, the jury received the court’s instructions and retired. After a time, the jury communicated to the court a desire for further instruction. The court declined to instruct the jury further upon the ground that no authority exists under Mississippi law for the giving of oral instructions by the court, or any instructions except such as are requested in writing by the parties, and directed the jury to resume its deliberations.
Presently, the jury returned into open court the following verdict:
We, the jury, find the defendant guilty of assault with intent to rape and fix his punishment as imprisonment in the penitentiary for not more than five years.
Whereupon, appellant’s counsel requested that the jury be polled as to whether five years was the verdict of each juror. The court declined to do this but offered to poll the members of the jury as to whether each had concurred in the verdict as written.
The court then sentenced appellant to serve a term of five years in the penitentiary.
It was error to construe the jury’s verdict in the form in which it was returned as having fixed the term of imprisonment at five years. Appellant was entitled, under the express and unequivocal terms of the statute, to have the jury fix definitely the length of his term of imprisonment. Under the circumstances in the record, the court should have directed the jury to continue its deliberations after reading the instructions of the court and to return a verdict in accordance with such instructions. This case affords another instance of the unsatisfactory condition of Mississippi law with respect to the giving of jury instructions.
Where, in a criminal case, the duty is imposed upon the jury not only to pass upon the guilt or innocence of the accused but also to fix his punishment in the event of his conviction, the jury may not abdicate in favor of the trial judge nor delegate to him its duty in this latter respect. John v. State, 191 Miss. 152, 2 So.2d 800 (1941) ; Anthony v. State, 220 So.2d 837 (Miss.1969). Here the jury sought to pass on to the trial judge the duty to fix a specific term of imprisonment within the range of certain limits. It was error under the circumstances for the trial court to impose the sentence of five years. Owens v. State, 82 Miss. 18, 33 So. 718 (1903).
We have held that, in cases where punishment as well as guilt are for the determination of the jury, the two matters are severable. Rouse v. State, 222 So.2d 145 (Miss.1969).
The verdict now under consideration was sufficiently explicit and unequivocal as to the jury’s finding that appellant was guilty of the offense charged and the evidence in the record is ample to support the conviction. Appellant’s conviction of the offense will, therefore, be affirmed. The case will be remanded, however, in order that the length of the term of his imprisonment may be submitted to and be properly fixed by another jury, such term not to exceed the limit of five years expressed in the former verdict.
Appellant’s conviction is affirmed and the case remanded to the trial court for submission to another jury for fixing his term of imprisonment, not to exceed five years.
GILLESPIE, C. J., and PATTERSON, ROBERTSON and SUGG, JJ., concur.