308 So.2d 71 (1975)
Cecil NEWELL, Jr.
v.
STATE of Mississippi.
No. 48076.
Supreme Court of Mississippi.
January 27, 1975.
*72 Travis Buckley, Donald A. Smith, Laurel, for appellant.
A.F. Summer, Atty. Gen., by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
PATTERSON, Justice:
Cecil Newell, Jr., was indicted with others for assault and battery with intent to kill and murder Currie Davis. He was tried separately and upon conviction was sentenced to seven and one-half years in the state penitentiary. From this action of the Circuit Court of Jones County, Second Judicial District, he appeals.
*73 Currie Davis was beaten and stabbed by several assailants on the evening of March 25, 1973. The state's evidence is that the beating and stabbing were inflicted by Eugene Wallace and Jessie Carpenter, Jr., the appellant's co-indictees. The primary issue in the trial was whether the appellant had supported this assault by holding a rifle on the victim while the battery was being inflicted.
Newell contends that he was prejudiced and thereby deprived of a fair trial because the court (1) unduly restricted his cross-examination, (2) erroneous instructions were granted to the state and (3) a proper instruction of the defendant was refused.
The first contention is that a state witness was not permitted on cross-examination to respond to a question of whether the appellant, Carpenter, and Wallace had ample opportunity to kill Davis had that been their intention. The court determined the query called for a conclusion of the witness and sustained an objection to it. It is now argued that wide latitude is permitted on cross-examination in a criminal case and since the intention to kill is a necessary element of the crime charged, the court improperly curtailed cross-examination in this vital area of evidence.
We are not persuaded. The intention of a party is a fact determination to be made by the jury from the evidence. In arriving at this determination it has the duty to consider the testimony concerning the assault, the surrounding circumstances, including the expressions made by the participants. To permit comment on the subjective intentions of an accused by a witness based on conclusions reached from his observation invades the province of the fact finders. The issue of intent must be decided by the jury from the evidence in the case and not the conclusion of others. Shanklin v. State, 290 So.2d 625 (Miss. 1974), and Golden v. State, 223 Miss. 649, 78 So.2d 788 (1955).
Instructions Numbers 4 and 5 of the state were prejudicial, in our opinion, since they define malice aforethought as "cutting a human being with the deliberate design to effect the death of the person killed. (sic)" This would permit the jury to find the appellant guilty of intent to kill and murder upon a finding that Currie Davis was stabbed. This, of course, overlooks the law that there can be a deliberate design to kill arising in self-defense or in the heat of passion which is not murder, or intent to murder, since it is unaccompanied by malice aforethought. Earl v. State, 168 Miss. 124, 151 So. 172 (1933); Herring v. State, 134 Miss. 505, 99 So. 270 (1924); Lott v. State, 130 Miss. 119, 93 So. 481 (1922); and Thames v. State, 82 Miss. 667, 35 So. 171 (1903). Cf. Toney v. State, 298 So.2d 716 (Miss. 1974).
We think Instruction Number 4 for the defendant was properly refused by the trial court. This instruction advises the jury that the state has the burden of proving to a moral certainty and beyond all reasonable doubt every material allegation lain in the indictment. However, this instruction did not advise, nor are there others advising, the jury of the essential elements of the crime charged by the indictment. Therefore, the jury, being uninformed of the elements of the crime, could not be reasonably expected to ascertain the constituents necessary to constitute the "material allegations" of the indictment. Northcutt v. State, 206 So.2d 824 (Miss. 1967); White v. State, 202 So.2d 633 (Miss. 1967) and Mabry v. State, 248 Miss. 149, 158 So.2d 688 (1963), wherein we stated:
We hold that it is essential that an instruction shall charge the nature and elements of the offense, instead of referring the jury to the pleadings to ascertain what crime the defendant is alleged to have committed. 248 Miss. at 151, 158 So.2d at 689.
We conclude the court did not err in refusing this instruction.
*74 The net result of the last instruction being refused is that the jury was left uninstructed as to the burden of proof in this criminal case. This fact, augmented by the state's instructions previously commented on, substantially prejudiced the appellant, in our opinion, and requires the cause to be reversed for a new trial. In deference to the trial judge, we note that he offered indulgence of time to the attorneys for corrections or other instructions for proper jury guidance, but neither was forthcoming.
The record portrays a discrepancy in our state's legal procedure that has literally cost thousands of dollars in new trials, untold expenditure of time, docket congestion and prolonged litigation. It points out the inability of a trial judge to instruct a jury as to the applicable law of a case due to legislative enactment and the decisions of this Court. More importantly, and aside from the practical considerations mentioned, this prohibition has been in the past, and now is, an impediment to the administration of justice that can no longer be indulged in courts of constitutional origin and which should not be tolerated in courts otherwise ordained since all share a common purpose  the fair and efficient administration of justice.
By Chapter 61, Section 12, Article 161, Mississippi Code of 1857 (Hutchinson's), trial judges were deprived of their power to instruct juries as to the law of the case. Whether this legislation was the result of a great awakening of the spirit of pure democracy in the state at that time or was the result of a lingering dislike of the tyrannical methods of the King's appointed justices in England, or a combination of both, is presently immaterial though it has historical interest. Hutchinson's Code provides:
No judge, in any case, civil or criminal, shall sum up or comment on the testimony, or charge the jury as to the weight of the evidence; but it shall be lawful for the judge to charge the jury upon the principles of law, applicable to the case, at the request of either party. ... (Emphasis added.)
This statute, with slight modification, has been reenacted to the present as Section 11-7-155 (civil cause), Mississippi Code Annotated (1972), and Section 99-17-35[1] (criminal cause), Mississippi Code Annotated (1972). The deficiency of the statute is that many times it has permitted a lay jury to decide cases from the evidence without being instructed as to the law. On occasion juries have been left uninstructed due to the oversight, omission or ineptness of attorneys. More frequently, however, it is the result of advocates maneuvering for their client's best advantage since self interest is the motivating factor of the adversary system. Regardless of the reason the fact remains that juries are at times left groping blindly, though honestly, for the law of a case to aid them in arriving at a verdict when their oath requires only that they decide such issues from the evidence. Miss. Code Ann. § 135-71 (1972). Similar statutes and their import in other jurisdictions have been condemned and rectified. See Griffith, Charging the Jury, 8 Miss.L.J. 182 (1935), for a history and discussion of the statute.
Our decisions have expressed greater criticism of the statute and cases in recent *75 years. In Jolly v. State, 269 So.2d 650 (Miss. 1972), a case reversed for other reasons, we commented:
Even though the trial court cannot give instructions on its own ... and is under no obligation to modify or correct a defective instruction ... the lower court must refuse instructions which do not correctly state the principles of law applicable to the facts in a particular case. 269 So.2d at 653.
This points out the incongruity of the situation and that is, if the judge is requested to instruct the jury, he must instruct correctly, but if not requested to instruct, then the jury is left totally uninstructed.
In Duggan v. State, 256 So.2d 511 (Miss. 1972), we repeated in reversing the case that no authority exists under our law for the giving of instructions by the court except as requested by the parties in writing:
... This case affords another instance of the unsatisfactory condition of Mississippi law with respect to the giving of jury instructions. 256 So.2d at 512.
See also J.C. Penney Co. v. Evans, 172 Miss. 900, 160 So. 779 (1935), where, though affirmed, we stated:
... Under section 586, Code of 1930, the trial judge is without the right to instruct the jury on his own initiative, but is restricted to the granting or refusing of instructions requested by the parties litigant, who are not required to request such. Under statutes of this character, the trial judge is without the power to prevent the submission of a case to the jury without instructions, but the practice of counsel in so doing has been condemned, 64 C.J. 821, and in some cases would amount to a breach of duty to the client. 172 Miss. at 907, 160 So. at 781.
Cases of similar import.[2]
The problem springing from the courts being unable to instruct juries has been continuous since 1857 with periods of greater recurrence. In Wells v. State, Miss. 1974, 305 So.2d 333, the jury, though instructed, requested further information from the trial court as to the lawful difference between murder and manslaughter which was properly refused by the judge under our statute and decisions. The case was reversed because of the jury's unwarranted verdict of murder. Doubtless this case could have been affirmed had our law not been so inflexible in its pronouncement that a request of the parties is a prerequisite to the court's instructing as to the law. It does not seem logical in such circumstance that the court must remain mute irrespective of the course of the trial that he is conducting.
Of more recent vintage is the case of Newell v. State, No. 48,075, Miss., 308 So.2d 68, decided this date, wherein a jury requested an additional instruction from the trial judge which, though contrary to the statute and precedent, was forthcoming. The case is being affirmed upon the basis of this opinion. And see Peavy v. Alexander, Miss., 308 So.2d 65, decided this *76 date, wherein the court and jury were burdened with excessive instructions.
We note from our research that the cases upholding the statute have done so on other than a constitutional basis. In Masonite Corp. v. Lochridge, 163 Miss. 364, 141 So. 758 (1932), on suggestion of error, Presiding Justice Ethridge, in responding to an argument that the constitution authorizes a trial judge to instruct the jury on the law of a case regardless of the statute since it is a proper constitutional function of a judicial office, commented only that the argument was interesting and "... if the matter was one of first impression, might be entertained, but our court, prior to the enactment of the Constitution of 1890, has uniformly held that the circuit judge cannot instruct the jury of his own motion... ." 163 Miss. at 383, 141 So. at 759.
See also the case of Dement v. Summer, 175 Miss. 290, 165 So. 791 (1936), wherein the Court, through Justice Griffith, stated that Section 586, Mississippi Code of 1930, in prohibiting the judge to instruct the jury on the law except upon the written request of one of the parties, went to the extreme limit of legislative power in view of constitutional limitations on their authority and that the rule could not stand scrutiny in this Court except by the consent of the parties.
We are keenly aware of, and measure with great respect, legislative suggestions concerning procedural rules and they will be followed unless determined to be an impediment to justice or an impingement upon the constitution. The inherent power of this Court to promulgate procedural rules emanates from the fundamental constitutional concept of the separation of powers and the vesting of judicial powers in the courts. Matthews v. State, 288 So.2d 714 (Miss. 1974); Gulf Coast Drilling & Exploration Co. v. Permenter, 214 So.2d 601 (Miss. 1968); and Southern Pacific Lbr. Co. v. Reynolds, 206 So.2d 334 (Miss. 1968), wherein the following is stated:
... The phrase "judicial power" in section 144 of the Constitution includes the power to make rules of practice and procedure, not inconsistent with the Constitution, for the efficient disposition of judicial business. 206 So.2d at 335.
Consider Franck, Practice and Procedure in Mississippi: An Ancient Recipe for Modern Reform, 43 Miss.L.J. 287 (1972).
While it would seem that no logical person could doubt the wisdom of the past and that precedent is the most direct route to legal wisdom, the fact nevertheless remains that judges to a degree are prisoners of their own era. Each is influenced, buffeted and troubled by the circumstance in which his time is served. The lingering prospect of a return to the tyranny of the King's Court or the blighting of pure democracy by permitting a judge's voice in jury instructions, probably motivating the legislation in 1857, is presently mere obsolescence. The vantage point afforded by 118 years of legal history characterizes the limiting terms of the legislation directing that instructions emanate only from the parties to have been a mistake of such magnitude that we now consider it of our own motion.
All courts recognize the benefit of stability through the law, but acknowledge that it should be permitted growth without stagnation when justice requires, hopefully without grievous error. The procedural changes needed to meet the needs of a particular era and to maintain the judiciary's constitutional purpose would be better served, we believe, if promulgated by those conversant with the law through years of legal study, observation and actual trials in accord with their oaths rather than by well-intentioned, but over-burdened, legislators of other pursuits and professions. We are cognizant of the fact that inertia is the easier route for judges, but presently respond to that which was stated by Justice *77 Griffith in Shoemake v. Federal Credit Co., 188 Miss. 683, 192 So. 561 (1940), in dissenting:
It is easier, of course, to decide cases and to write opinions by floating down stream, in a course of least resistance, upon the restful support of a literal interpretation. But our books are full of cases where the Court has looked beyond the mere letter of statutes and has administered them according to the justice of their purpose... . 188 Miss. at 692, 192 So. at 563.
Are Mississippi Code Annotated sections 11-7-155 and 99-17-35 (1972), made separate sections by the annotator but both derivative from Mississippi Code Annotated section 1530 (1942), valid in whole or in part when considered from the viewpoint of our constitution?
Mississippi Constitution, Article 1 (1890), Distribution of Powers, Section 1, provides:
The powers of the government of the state of Mississippi shall be divided into three distinct departments, and each of them confided to a separate magistracy, to-wit: those which are legislative to one, those which are judicial to another, and those which are executive to another.
There immediately follows the directive of Section 2:
No person or collection of persons, being one or belonging to one of these departments, shall exercise any power properly belonging to either of the others....
Without additional words it would seem there is no more reason to support legislative control of court procedures than there would be to uphold court supervision of the procedures by which the legislative and executive departments discharge their constitutional duties. However, the constitutional directives do not rest with the pronouncement of these general principles. The division of authority is specifically implemented by Section 144 of the Constitution:
The judicial power of the state shall be vested in a Supreme Court and such other courts as are provided for in this constitution.
This leaves no room for a division of authority between the judiciary and the legislature as to the power to promulgate rules necessary to accomplish the judiciary's constitutional purpose.
This Court's role is made clear by the jurisdiction conferred upon it and the oath of the justices elected to administer its functions. Mississippi Constitution, Section 146 (1890) provides:
The Supreme Court shall have such jurisdiction as properly belongs to a court of appeals.
And, Section 155 directs the judges of the several courts to make oath that they will administer justice without respect to persons agreeably to the constitution and laws of the state before executing the duties of their offices.
The above brings into focus the heart of the issue, and that is  what course the court shall follow in the event the laws enacted by the legislative department are not agreeable with the directives of the constitution. We believe no citation of authority is needed for the universally accepted principle that if there be a clash between the edicts of the constitution and the legislative enactment, the latter must yield.
We conclude that Mississippi Code Annotated sections 11-7-155 and 99-17-35 (1972) contravene the constitutional mandates imposed upon the judiciary for the fair administration of justice since such administration is thwarted by the terms of the statute, "at the request of either party" which prohibits a judge from instructing a jury as to the applicable law of the case when he has the sworn duty to administer *78 justice and uphold the law. We are of the opinion that the framers of our constitution never intended that a judge be so shackled by legislative statute that he become totally dependent upon the requests of litigants so that he might perform his constitutional duty.
The statute, Section 99-17-35, with the unconstitutional words deleted, follows: (Only one of the statutes is quoted for brevity.)
The judge in any criminal cause, shall not sum up or comment on the testimony, or charge the jury as to the weight of evidence; but ... he shall instruct the jury upon the principles of law applicable to the case. All instructions asked by either party must be in writing, and all alterations or modifications of instructions given by the court or refused shall be in writing, and those given may be taken out by the jury on its retirement. The clerk, before they are read or given to the jury, shall mark all instructions asked by either party, or given by the court, as being "given" or "refused," as the case may be, and all instructions so marked shall be a part of the record, on appeal, without a bill of exceptions.
As the statute remains, we think it must be implemented for retrial of this case and for the future guidance of the bench and bar. This requires the Court to draw upon its inherent power to prescribe rules of procedure to facilitate the administration of justice in the courts throughout the state. In doing so, we hasten to say that as long as rules of judicial procedure enacted by the legislature coincide with fair and efficient administration of justice, the Court will consider them in a cooperative spirit to further the state's best interest, but when, as here, the decades have evidenced a constitutional impingement, impairing justice, it remains our duty to correct it.
In order, therefore, that the jury may be fully instructed as to the law in each case, we hold that in addition to the written instructions presented for approval by the attorneys for the litigants, heretofore permitted by Mississippi Code Annotated sections 99-17-35 and 11-7-155 (1972), the trial judge may initiate and give appropriate written instructions in addition to the approved instructions submitted by the litigants if, in his discretion, he deems the ends of justice so require. The trial judge may also modify the instructions submitted by the litigants for his approval if, in his discretion, he concludes such to be necessary.
These instructions bearing the court's approval will be read to the jury by the judge before the argument of the attorneys as the instructions of the court and will be taken out by the jury when considering its verdict. Additional instructions may also be granted by the trial judge, again in his discretion, if requested by the jury subsequent to its retirement to consider the verdict.
Further, the trial judge shall not be put in error for his failure to instruct on any point of law unless specifically requested in writing to do so.
We recognize this opinion and the implemented rules will require a change in procedure to which the bench and bar have long been accustomed and that the period of transition may be troublesome, which we regret, but to promote the adoption of these new procedures in an orderly manner, the implemented rules are prospective and shall become effective not later than sixty (60) days from the publication of this opinion.
Reversed and remanded for a new trial.
All Justices concur.
NOTES
[1] The judge in any criminal cause, shall not sum up or comment on the testimony, or charge the jury as to the weight of evidence; but at the request of either party he shall instruct the jury upon the principles of law applicable to the case. All instructions asked by either party must be in writing, and all alterations or modifications of instructions given by the court or refused shall be in writing, and those given may be taken out by the jury on its retirement. The clerk, before they are read or given to the jury, shall mark all instructions asked by either party, or given by the court, as being "given" or "refused," as the case may be, and all instructions so marked shall be a part of the record, on appeal, without a bill of exceptions. [For brevity, other section, civil, not copied.]
[2] Sexton v. State, 274 So.2d 658 (Miss. 1973); Ouille v. Saliba, 246 Miss. 365, 149 So.2d 468 (1963); Gangloff v. State, 232 Miss. 395, 99 So.2d 461 (1958); Smith v. State, 205 Miss. 283, 38 So.2d 725 (1949); Westbrook v. State, 174 Miss. 52, 163 So. 838 (1935); Beard v. Williams, 172 Miss. 880, 161 So. 750 (1935); Dow v. Town of D'Lo, 169 Miss. 240, 152 So. 474 (1934); State v. Woodriff, 170 Miss. 744, 150 So. 760 (1933); Moore v. Sykes' Estate, 167 Miss. 212, 149 So. 789 (1933); Cosey v. State, 161 Miss. 747, 138 So. 344 (1931); Kress v. Sharp, 156 Miss. 693, 126 So. 650 (1930); Gulf & Ship Island R. Co. v. Simmons, 153 Miss. 327, 121 So. 144 (1929); House v. State, 133 Miss. 675, 98 So. 156 (1923); McLeod v. State, 130 Miss. 83, 92 So. 828 (1922); Davenport v. State, 121 Miss. 548, 83 So. 738 (1920); Jones v. Madison County, 72 Miss. 777, 18 So. 87 (1895); Bangs v. State, 61 Miss. 363 (1883); Watkins v. State, 60 Miss. 323 (1882); Stewart v. State, 50 Miss. 587 (1874); Edwards v. State, 47 Miss. 581 (1873); Wilson v. Kohlheim, 46 Miss. 346 (1872).