ROBERTSON, Justice:
Mrs. Cheryl Ann Peavy sued Ralph Eugene Alexander in the Circuit Court of Lauderdale County for injuries sustained by her when the Alexander automobile hit the Peavy automobile at the intersection of State Highway 494 and a dirt road. After a full trial, the jury returned a verdict for the defendant.
The plaintiff was riding as a passenger on the front seat; her husband was driving and their small child was between them. They were returning to their home *66 in the Suqualena community about 7 P.M., December 25, 1970.
State Highway 494 at the point of collision was a 2-lane paved road about 16 feet wide, and ran generally in a northwesterly and southeasterly direction. The Peavys were traveling in a northerly direction on a dirt road about 200 feet in length which dead-ended with highway 494. There was not stop sign at this T-intersection.
Mr. and Mrs. Peavy testified that Mr. Peavy stopped their automobile before entering the intersection, looked east and west twice, saw no traffic and then proceeded about 4 feet into the intersection, intending to turn left on highway 494. Suddenly they saw the lights of an approaching car traveling east on highway 494. Mr. Peavy put his automobile into reverse and attempted to back off of the highway. The Alexander automobile hit the left front of the Peavy automobile before Peavy could Ijack off of the highway and while it partially blocked the eastbound lane.
Mr. Alexander testified that he was driving his car, that two other young men were on the front seat with him, and another young man and a young lady on the back seat. He was driving in an easterly direction toward town at about 55 miles per hour. He was familiar with the intersection as he drove highway 494 two or three times a week. A picture introduced into evidence shows a “40 M.P.H.” highway sign, together with a directional arrow indicating a curve to the left, posted at this intersection. Alexander further testified that it was a built-up community, with a Methodist church on one side of the highway and a Masonic lodge on the other and probably ten houses in the immediate vicinity.
Alexander and Peavy both testified that there was a dip in highway 494 to the west, and an automobile traveling east on highway 494 could not be seen until it came out of the dip about 150 feet from the intersection. The defendant further testified that his headlights were on “bright” and when he came out of the dip he saw the Peavy car blocking his eastbound lane, that he applied his brakes but at the speed he was traveling he could not avoid hitting the Peavy automobile. According to one witness, the Peavy automobile was knocked about 200 feet down the highway and was in reverse gear when examined after the accident. The investigating highway patrolman testified that Alexander while in the hospital stated that he was driving about 70 miles an hour and didn’t see the Peavy car.
Appellant has assigned as error the Court’s refusal to grant her a peremptory instruction. We are of the opinion that there was conflicting testimony, and that it was a typical case for the jury to decide under proper instructions as to the law from the court, and that the court was correct in refusing to grant a peremptory instruction for the plaintiff.
Appellant also assigned as error:
1. The court’s refusal to grant Plaintiff’s Instructions 3, 4, 9, 12, 18 and 26; and
2. The court’s granting of Defendant’s Instructions 25, 27, 29, 31, 32 and 33.
The plaintiff asked for 25 instructions; she was granted 17. The defendant, according to his brief, prefiled 35 instru-tions; voluntarily withdrew 12 of them; and was granted 12 out of the remaining 23. Even after withdrawal by the defendant of 12 instructions, there remained 48 instructions for the court to study and consider. This was entirely too many. It would be well for plaintiff and defendant to concentrate their energies on about six quality instructions for each side. Reliance should be placed on quality rather than quantity.
The 17 instructions granted the plaintiff presented for the jury’s consideration every possible legal theory on which the plaintiff would be entitled to recover. *67 The trial court did not err in refusing to grant plaintiff’s instructions 3, 4, 9, 12, 18 and 26. Some of these were duplicitous; others did not correctly state the law.
Defendant’s Instruction 25 was:
The court instructs the jury for the defendant that in a case such as this, where requested, the court always instructs the jury on the measure of damages. The court gives such instructions on the measure of damages so that the jury may be enlightened on all legal phases of the case, but the jury must not think because these instructions have been given on this subject that they must award any damages whatever to the plaintiff.
While this instruction is subject to the criticism of being a general instruction and sheds no light whatsoever on the questions to be answered, it appears to us to be rather innocuous and harmless. We would not reverse because it was granted.
Instruction No. 27 was:
The Court instructs the jury for the defendant that, under the law, in the area Ralph Alexander was traversing immediately prior to the place of the accident in question vehicles could be driven in the exercise of reasonable care at a rate of speed not in excess of 65 miles per hour.
This instruction should not have been given. The language “in the area Ralph Alexander was traversing immediately prior to the place of the accident in question”, is confusing. It is also a general instruction and doesn’t mention the facts of this case: that it was dark, in a built-up community and at an intersection.
Defendant’s Instruction No. 29 should not have been given. It was not applicable according to the uncontradicted evidence. It contains implications not justified by the facts and would tend to confuse and mislead the jury.
Defendant’s Instructions 31 and 32 were:
INSTRUCTION NO. 31 FOR DEFENDANT
The court instructs the jury for the defendant that the driver of a vehicle shall stop at the entrance to a through highway and shall yield the right-of-way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard. If you believe from the evidence that Truman Peavy failed to perform and discharge this duty imposed by law, then he was guilty of negligence, and if such negligence, if any, was the sole proximate cause of the accident, then your verdict shall be for the defendant.
INSTRUCTION NO. 32 FOR DEFENDANT
The Court instructs the jury for the defendant that Highway 494 is a through highway and, under the law, it was the duty of Plaintiff’s driver, Truman Peavy, to stop at the entrance to Highway 494 before entering same and to yield the right-of-way to defendant’s vehicle if it was in the intersection first, or approaching so closely as to be an immediate hazard. If plaintiff’s driver failed to perform and discharge these duties imposed by law, then he was guilty of negligence, and if such negligence, if any, was the sole proximate cause of the accident then your verdict shall be for the defendant.
Instruction 32 erroneously instructed the jury that “Highway 494 is a through highway”. Instruction 31 listed the duties of a driver approaching and entering a through highway. Neither of these instructions was applicable to the facts of this case. State highway 494 in the town of Suqualena was not a through highway and had not been *68 designated -as such by the Mississippi State Highway Department. At the intersection where the accident occurred it was a 2-way street in a built-up community. These two instructions were erroneous and misled and prejudiced the jury against the plaintiff. The granting of these two instructions constituted reversible error.
Defendant’s instruction 33 on sudden emergency should not have been granted. There are very few cases where a sudden emergency instruction is applicable; this case is not one of those.
Because the granting of Defendant’s instructions 31, 32 and 33 constituted fatal error and substantially prejudiced the jury against the plaintiff, we must reverse and remand this case for a new trial.
Reversed and remanded.
GILLESPIE, C. J., and SMITH, SUGG and BROOM, JJ., concur.