433 So.2d 952 (1983)
AEROGLIDE CORPORATION, et al.
v.
Elizabeth Faye WHITEHEAD, Administratrix of the Estate of John C. Whitehead, Deceased.
No. 53726.
Supreme Court of Mississippi.
May 25, 1983.
Rehearing Denied July 13, 1983.
Holland, Ray & Upchurch, Reed Hillen, Tupelo, for appellant.
Roy O. Parker & Associates, Tupelo, for appellee.
Before BROOM, P.J., and HAWKINS and DAN M. LEE, JJ.
DAN M. LEE, Justice, for the Court:
This is an appeal from the Circuit Court of Lee County wherein Elizabeth Faye Whitehead, administratrix of the estate of John C. Whitehead, deceased, appellee, instituted a wrongful death action to recover damages for the death of her husband, John C. Whitehead, who met his death in a grain elevator explosion at Sunshine Mills. Aeroglide Corporation, Jesco, Inc.,[1] and the Association of Mill & Elevator Mutual Insurance Companies, were named as defendants.
In the course of the trial, a mistrial was declared during cross-examination by defense counsel. Thereafter, Mrs. Whitehead moved for recovery of all costs and expenses, including attorneys' fees, from the appellants. A hearing on said motion was held which resulted in a judgment being entered against the appellants for the total expenses ($14,784.51), excluding attorneys' fees incurred by Mrs. Whitehead in preparation of litigation. Aeroglide Corporation and the Association of Mill & Elevator Mutual Insurance Companies appeal therefrom. Mrs. Whitehead has also cross-appealed. We reverse.
In January 1978 appellee employed the law firm of Roberts & Tutor to pursue any claims she might have in connection with the death of her husband who died in a grain elevator explosion at Sunshine Mills. Appellee entered into a contract with the firm of Roberts & Tutor and in the latter part of 1980 the law firm of Roy O. Parker & Associates, P.A., was associated for trial in the case. It was agreed between the firms that Roy O. Parker & Associates, P.A., would handle the liability phase of the trial while Roberts & Tutor would prepare and present evidence as to appellee's damages. The matter was investigated and suit filed shortly thereafter in the Circuit Court of Lee County, naming appellants as defendants. Two amended declarations were filed thereafter.
The case proceeded to trial on September 21, 1981. On September 25, 1981, a mistrial was declared upon appellee's motion when appellant's counsel made the following statement:
Q. Well, you found out in this last trial it (your testimony) didn't satisfy me and you also found out that it didn't *953 satisfy the jury when the last case was tried.
BY MR. PARKER: We object to that, it is highly prejudicial and he ought to be admonished for saying such a thing.
After granting the mistrial, the trial court, upon motion of the appellee, held a hearing to assess costs, expenses and attorneys' fees against appellants Aeroglide Corporation and the Association of Mill & Elevator Mutual Insurance Companies.
During this hearing, it was established that the law firm of Roberts & Tutor, during final trial preparation only, had incurred total expenses of $4,618.35 and some $12,560 in attorneys' fees up to the declaration of the mistrial. The law firm of Roy O. Parker & Associates, P.A. established the incurrence of $12,230.53 in total expenses and attorneys' fees of $18,662.08 in final preparation of trial. Both firms asserted the case was very complex, involving several different legal theories against three separate defendants. They also contended their fees and expenses were reasonable. William S. Lawson, a sole practitioner from Tupelo who was involved in nine cases stemming from the grain elevator explosion, likewise opined that such charges were reasonable.
The trial court rendered its opinion finding that the statement of appellants' counsel was neither contemptuous nor intentional. The circuit judge did, however, award a total of $14,784.51 in damages to appellees for expenses incurred in preparation of trial pursuant to its inherent authority to control the proceedings before it and the conduct of the participants therein. The trial court declined the request for attorneys' fees. An order was entered accordingly.
Does the inherent authority of a trial court extend to awarding damages for litigation expenses lost when a mistrial is declared because of improper conduct by appellant's attorney?
We agree with the learned trial judge that all courts possess the inherent authority to control the proceedings before them including the conduct of the participants. However, an examination of our holding in Newell v. State, 308 So.2d 71 (Miss. 1975) lends no support for the action taken by the trial court in the case sub judice. Upon the narrow issue presented we hold that the inherent authority of the trial court did not extend to awarding of damages as in a tort action for litigation expenses irretrievably lost under the facts presented herein.
In view of the foregoing, we do not reach the remaining issues presented in this case including the denial of attorneys' fees on cross-appeal.
Based on the foregoing, this case is reversed and remanded to the circuit court for the assessment of the usual and statutory costs[2] against appellants consistent with this opinion.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, PRATHER and ROBERTSON, JJ., concur.
NOTES
[1] Jesco, Inc., is not a party to this appeal.
[2] Appellants conceded in oral argument that they are liable for the full amount of statutory costs incurred up until the time the mistrial was declared.