WALKER, Presiding Justice,
dissenting:
I respectfully dissent from the holding of the majority.
In Newell v. State, 308 So.2d 71 (Miss.1975), this Court said:
The trial judge shall not be put in error for his failure to instruct on any point of law unless specifically requested in writing to do so.
308 So.2d 78.
The pronouncement in this case that the court erred in granting defendant’s Instruction D-12 which instructed the jury as to the defendant’s theory of the case according to the law as provided in Mississippi Code Annotated section 63-3-1105(1) (Supp.1983) without incorporating within his instruction that part of the statute, i.e., subsection (4) which favors the plaintiff and his theory of the case. As I interpret the opinion, in the future a plaintiff must incorporate in his instructions the law, as justified by the evidence, which would be favorable to the defendant. The reverse, of course, would be true of the defendant’s instructions.
Such a rule will surely lead to chaos.
This approach is so novel that no authority is cited in support of it in the majority opinion and my research reveals no such practice in any jurisdiction.
The universal rule is that a plaintiff presents his theory of a case by his instructions and a defendant presents his theory by his instructions and neither can complain for failure of a jury to be instructed unless a party has requested a proper instruction which was refused. Under this procedure, a jury is instructed as to the whole of the law as the parties to the suit perceive it.
I have little doubt that the new procedure will be met with wholehearted disapproval by both the trial lawyers and defense lawyers.
BROOM, P.J., joins this dissent.