IN THE SUPREME COURT OF MISSISSIPPI

NO. 2009-CA-01640-SCT

*STATE OF MISSISSIPPI*

*v.*

*JOHNNY DELANEY*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/28/2009 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| COURT FROM WHICH APPEALED: | HOLMES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JAMES H. POWELL, III |
| | STEVEN WALDRUP |
| | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JOHN HENRY, JR. |
| ATTORNEY FOR APPELLEE: | EDWARD BLACKMON, JR. |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 01/13/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLSON, P.J., RANDOLPH AND KITCHENS, JJ.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1.     This is a case of first impression, involving an appeal by the State from the dismissal of an indictment with prejudice. This Court is asked to interpret Mississippi Code Section 99-3-28 (Rev. 2007), which requires that a probable cause hearing be held prior to the issuance of warrants for the arrest of law enforcement officers and other enumerated classes of persons. Specifically, the Court is asked to determine whether Section 99-3-28 is applicable to the present case and whether a lack of compliance with this statute warranted dismissal of the indictment. Finding that Section 99-3-28 does not apply once an indictment

has been returned by a grand jury, we reverse the dismissal, reinstate the indictment, and remand the case for trial.

## Facts and Procedural History

¶2. On December 1, 2008, Johnny Delaney, a trooper with the Mississippi Highway Safety Patrol, was indicted by a Holmes County grand jury for one count of extortion pursuant to Mississippi Code Section 97-11-33 (Rev. 2006). The indictment alleged that Delaney, while acting under color of his office, promised Jessie Jordan that he would dismiss Jordan's speeding ticket in exchange for cash. Following the return of the indictment, the Holmes County Circuit Clerk immediately issued a capias for Trooper Delaney's arrest. Bail was set and posted on December 19, 2008. On December 22, 2008, Delaney waived formal arraignment and entered a plea of not guilty.

¶3. On September 16, 2009, the defendant filed a motion to dismiss the indictment, arguing that the State had failed to comply with Mississippi Code Section 99-3-28, which provides, in its entirety,

> (1)(a) Except as provided in subsection (2) of this section, before an arrest warrant shall be issued against any teacher who is a licensed public school employee as defined in Section 37-9-1, a certified jail officer as defined in Section 45-4-9, a counselor at an adolescent offender program created under Section 43-27-201 et seq., or a sworn law enforcement officer within this state as defined in Section 45-6-3 for a criminal act, whether misdemeanor or felony, which is alleged to have occurred while the teacher, jail officer, counselor at an adolescent offender program or law enforcement officer was in the performance of official duties, a probable cause hearing shall be held before a circuit court judge. The purpose of the hearing shall be to determine if adequate probable cause exists for the issuance of a warrant. All parties testifying in these proceedings shall do so under oath. The accused shall have the right to enter an appearance at the hearing, represented by legal counsel at his own expense, to hear the accusations and evidence against him; he may present evidence or testify in his own behalf.

2

(b) The authority receiving any such charge or complaint against a teacher, jail officer, counselor at an adolescent offender program or law enforcement officer shall immediately present same to the county prosecuting attorney having jurisdiction who shall immediately present the charge or complaint to a circuit judge in the judicial district where the action arose for disposition pursuant to this section.

(2) Nothing in this section shall prohibit the issuance of an arrest warrant by a circuit court judge upon presentation of probable cause, without the holding of a probable cause hearing, if adequate evidence is presented to satisfy the court that there is a significant risk that the accused will flee the court's jurisdiction or that the accused poses a threat to the safety or wellbeing [sic] of the public.

Miss. Code Ann. § 99-3-28 (Rev. 2007).

¶4. The trial judge conducted a hearing on Delaney's motion to dismiss and heard argument by both sides. Defense counsel contended that the language of the statute is mandatory, and that there are but two exceptions to the requirement of holding a probable cause hearing, neither of which was present in his client's case. The district attorney argued that Section 99-3-28 applied only to charges filed in justice court or municipal court, and that the indictment obviated the need for a probable cause hearing. He also argued that the circuit court could not apply the statute to the present case because it conflicts with Mississippi Uniform Circuit and County Court Rule 7.06, which governs indictments. The trial judge considered the arguments and found that the probable cause hearing mandated by Section 99-3-28 could not be bypassed by means of an indictment. The trial judge also found that the proper remedy was dismissal with prejudice because, she opined, if Delaney were to be indicted again on the same charge, he would be subjected to double jeopardy.

3

¶5.    The State timely appealed the dismissal, challenging the applicability and the constitutionality of Section 99-3-28. Because the validity of a statute was being challenged, this Court ordered the parties to serve the Attorney General with copies of their briefs and allowed the Attorney General thirty days from the last date of service to file a response. *See* Miss. Code Ann. § 7-5-1 (Rev. 2002) (tasking the Attorney General with the duty to intervene and argue the constitutionality of any challenged statute); M.R.A.P. 44(a) (requiring service of brief on the Attorney General when the validity of a statute is challenged). The Attorney General timely filed a response defending the statute in question.

## Issues

¶6.    The State raises four issues on appeal: (1) whether Section 99-3-28 applies in cases in which an indictment has been returned by a grand jury; (2) whether the statute is an unconstitutional infringement on this Court's rule-making powers; (3) whether the statute violates equal protection of the law; and (4) in the alternative, whether double jeopardy requires dismissal with prejudice. Finding that an indictment obviates the need for a hearing pursuant to Section 99-3-28, we do not address the equal protection or double jeopardy issues.

## Discussion

¶7.    All points of error raised by the State involve questions of law, which are reviewed on appeal under a *de novo* standard of review. **Debrow v. State**, 972 So. 2d 550, 552 (Miss. 2007) (citing **Biglane v. Under the Hill Corp.**, 949 So. 2d 9, 14 (Miss. 2007)).

¶8.    The State argues that, once an indictment has been issued, a probable cause hearing pursuant to Mississippi Code Section 99-3-28 is unnecessary. The State points to case law

which provides that, once a defendant has been indicted by a grand jury, probable cause has been established, and a preliminary hearing is no longer required. *Shields v. State*, 702 So. 2d 380, 383 (Miss. 1997) (quoting *Mayfield v. State*, 612 So. 2d 1120, 1129 (Miss.1992)). In addition, Rule 6.05 of the Uniform Rules of Circuit and County Court provides, in relevant part, "[a] defendant who has been indicted by a grand jury shall not be entitled to a preliminary hearing." The reasoning behind the rule has been explained by this Court as follows:

> It is true . . . that the accused is permitted to confront and cross-examine his accusers and to discover evidence during the course of a preliminary hearing. We are of the opinion, however, that these functions are merely incidental and wholly subordinate to the true purpose of a preliminary hearing: determining whether probable cause exists. Once a defendant is indicted by a grand jury, that purpose is fulfilled and the whole issue of a preliminary hearing and all privileges which attach thereto become moot.

*Mayfield*, 612 So. 2d at 1129. Moreover, this Court has established that the denial of a preliminary hearing, on its own, "does not void a subsequent conviction." *Esparaza v. State*, 595 So. 2d 418, 423 (Miss. 1992) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 119, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975)).

¶9.     Our case law and uniform rules do not address probable cause hearings pursuant to Section 99-3-28,[1] and a traditional preliminary hearing is somewhat different from the sort of statutory probable cause hearing under review in this case. For example, Section 99-3-28 requires that the hearing take place before arrest and in the circuit court, while a traditional

---

[1]This is a relatively new Mississippi statute, which took effect July 1, 2001. Originally, the statute applied only to public school teachers but was amended in 2002 to include law enforcement officers.

5

preliminary hearing occurs after arrest and in a municipal court, justice court, or county court. Nevertheless, the principal purpose – though not the only purpose – of both hearings is the same: to determine whether probable cause for arrest exists.

¶10. The plain language of the statute does not make exceptions for cases in which indictments have been returned. However, to require a probable cause hearing pursuant to Mississippi Code Section 99-3-28 after an indictment has been returned by a state grand jury would create an inherent conflict with this Court's precedent and its rules.

¶11. It is now well established that "the constitutional concept of separation of powers dictates that it is within the inherent power of this Court to promulgate procedural rules to govern judicial matters." *State v. Blenden*, 748 So. 2d 77, 88 (Miss. 1999) (citing *Newell v. State*, 308 So. 2d 71 (Miss. 1975)). *See also* Miss. Const. art. 1, §§ 1, 2 (providing for separation of governmental powers). Thus, when a statute conflicts with this Court's rules regarding matters of judicial procedure, our rules control. *Stevens v. Lake*, 615 So. 2d 1177, 1183-84 (Miss. 1993) (citations omitted). Because Section 99-3-28 conflicts with this Court's precedent and uniform rules in that it does not provide an exception for indictments, we hold that the procedural requirements of Section 99-3-28 are inapplicable once an indictment has been returned by a Mississippi grand jury. Therefore, the trial judge erred in dismissing the indictment based on the absence of a probable cause hearing pursuant to Section 99-3-28.

**Conclusion**

¶12.    Once Delaney had been indicted, the need for a hearing pursuant to Mississippi Code Section 99-3-28 was obviated.  Because the trial judge erred by dismissing the indictment on this basis, we reverse the dismissal, reinstate the indictment, and remand the case for further proceedings.

¶13.    **REVERSED AND REMANDED.**

    **WALLER, C.J., CARLSON AND GRAVES, P.JJ., DICKINSON, RANDOLPH, LAMAR, CHANDLER AND PIERCE, JJ., CONCUR.**