CHAMBERLIN, JUSTICE, SPECIALLY CONCURRING:
 

 ¶ 88. I agree with the result reached by the majority. I also applaud the excellent recitation of the history of the bill of exceptions in our state. However, I must specially concur because, as that same history shows, the law surrounding the bill of exceptions has become a convoluted, unworkable mess. It is a legal dinosaur that somehow avoided the fallout from the judicial meteors that became our procedural rules. It is, nevertheless, law and we should recognize the bill of exceptions for what it is, an optional procedural vehicle to compile the record of proceedings.
 

 ¶ 89. Mississippi Code Section 11-51-75 contains, in my view, only one jurisdictional mandate, that any appeal be filed within ten days from the date of adjournment. The language regarding the bill of exceptions merely embodies the method of compiling the record. Further, it is optional, as denoted by the word "may" preceding the procedure. The majority treats this permissive language as both mandatory and jurisdictional. I disagree.
 

 ¶ 90. The majority opines that this special concurrence runs afoul of
 
 Newell v. State
 
 ,
 
 308 So.2d 71
 
 (Miss. 1975). That is incorrect. I make no comment on the constitutionality or enforceability of the bill of exceptions, only that it is not mandatory. While resorting to this procedure may be necessary, if constitutional and enforceable, in some appeals from lower authorities, it simply is not a mandatory jurisdictional requirement. I, therefore, specially concur.
 

 WALLER, C.J., KING, BEAM AND ISHEE, JJ., JOIN THIS OPINION. RANDOLPH, P.J., AND MAXWELL, J., JOIN THIS OPINION IN PART.