KITCHENS, PRESIDING JUSTICE, DISSENTING:
 

 ¶ 69. Because the Circuit Court of the First Judicial District of Hinds County failed to instruct the jury on the elements of the underlying felony offense of robbery, I would reverse the judgment and remand the case for a new trial. Accordingly, I respectfully dissent.
 

 ¶ 70. This Court has held that "it is always and in every case reversible error for the courts of Mississippi to deny an accused the right to have a jury decide guilt as to each and every element."
 
 Harrell v. State
 
 ,
 
 134 So.3d 266
 
 , 275 (Miss. 2014). In
 
 Harrell
 
 , as in the present case, Harrell had been charged with capital murder and the trial court failed to instruct the jury on the underlying felony of robbery.
 

 Id.
 

 at 267, 269
 
 . Even though "Harrell did not bring the omission to the attention of the trial court by objecting to the State's instruction or submitting an instruction on the elements of robbery," we declined to apply a procedural bar: "The Court has rejected the application of a procedural bar when the trial court fails to instruct the jury on the elements of the underlying felony in a capital murder trial."
 
 Harrell
 
 ,
 
 134 So.3d at
 
 270 (citing
 
 Kolberg v. State
 
 ,
 
 829 So.2d 29
 
 , 46 (Miss. 2002),
 
 overruled on other grounds by
 

 Rowsey v. State
 
 ,
 
 188 So.3d 486
 
 (Miss. 2015) ).
 

 ¶ 71. This Court held that "[i]t is the trial court's responsibility to assure that the jury is 'fully and properly instructed on all issues of law relevant to the case.' "
 

 Id.
 

 (quoting
 
 Kolberg
 
 ,
 
 829 So.2d at
 
 46 ). " 'There is no doubt that the trial court is ultimately responsible for rendering proper guidance to the jury via appropriately given jury instructions, even sua sponte.' "
 

 Id.
 

 (quoting
 
 Kolberg
 
 ,
 
 829 So.2d at
 
 45 ). The Court also has held "that the State is responsible for making sure the jury is instructed on the essential elements of the crime."
 
 Harrell
 
 ,
 
 134 So.3d at 270
 
 (quoting
 
 Hunter v. State
 
 ,
 
 684 So.2d 625
 
 , 635 (Miss. 1996) ("[I]t is rudimentary that the jury must be instructed regarding the elements of the crime with which the defendant is charged ... [;] even though the defendant
 did not present an acceptable instruction, the State was obligated to do so.") ). This Court held that "the trial court's failure to instruct the jury as to the elements of the underlying felony of robbery constituted reversible error."
 
 Harrell
 
 ,
 
 134 So.3d at 276
 
 .
 

 ¶ 72. Here, the trial court gave the following instruction on capital murder, Instruction S-2B:
 

 The Court instructs the jury that if you believe from the evidence, beyond a reasonable doubt that:
 

 1. the defendant, David Thomas, either alone or while acting in concert with another;
 

 2. [d]id, on or about January 29, 2012, in the First Judicial District of Hinds County, Mississippi;
 

 3. act in a manner which killed Fred Jackson, a human being;
 

 4. with or without any design to effect death;
 

 5. while engaged in the commission of robbery and without the authority of law;
 

 then, you must find the defendant, David Thomas, guilty of Capital Murder as charged in the indictment.
 

 If the prosecution has failed to prove any one or more of the above listed elements, then you shall find the Defendant not guilty of Capital Murder.
 

 ¶ 73. The State proposed the following jury instruction, Instruction S-3, which set forth the elements of robbery:
 

 The Court instructs the Jury that in order for you to find that David Thomas was engaged in the commission of the crime of robbery, you must find from the evidence in this case beyond a reasonable doubt that:
 

 1. the defendant, David Thomas, either alone or while acting in concert with another, and [sic]
 

 2. did, on or about January 29, 2012, in the First Judicial District of Hinds County, Mississippi;
 

 3. feloniously take or attempt to take the personal property of Fred Jackson, from his person or against his will;
 

 4. [b]y violence to his person or by putting him in fear of some immediate injury to his person[,]
 

 then you shall find the Defendant, David Thomas, was engaged in the commission of the crime of Robbery.
 

 If the Prosecution has failed to prove any one or more of the above listed elements then you shall find the defendant, David Thomas, was not engaged in the commission of the crime of Robbery.
 

 But defense counsel objected, arguing that, "in the indictment there is no charge for robbery."
 
 [9]
 
 The prosecutor agreed to withdraw Instruction S-3 and no instruction was provided the jury which listed the elements of robbery, the alleged crime underlying the capital murder charge.
 

 ¶ 74. The State argues that, since Thomas admitted in his oral and written statements to police that he had participated in attacking Jackson, the elements of robbery were never at issue and the failure of the trial court to instruct the jury on the elements
 of robbery did not prejudice Thomas. The State continued:
 

 No fair-minded and properly instructed jury could fail to find beyond a reasonable doubt that David Thomas, either alone or while acting in concert with another, did feloniously take or attempt to take the personal property of Fred Jackson, from his person or against his will; by violence to his person.
 

 To the contrary, the elements of robbery always were at issue in this case, and this Court cannot say whether the jury made such a finding without the jury's having been instructed properly on the elements of robbery. And, as in
 
 Harrell
 
 , which does not require a finding that the defendant's case was prejudiced, "it is
 
 always
 
 and in
 
 every case
 
 reversible error for the courts of Mississippi to deny an accused the right to have a jury decide guilt as to
 
 each
 
 and
 
 every
 
 element."
 
 Harrell
 
 ,
 
 134 So.3d at 275
 
 (emphasis added).
 

 ¶ 75. The majority goes further:
 

 A defendant cannot object to an elements instruction, succeed on the objection, use that success to minimize the issue to a jury, bolster his own credibility with the success of the objection and then cry error and complain about the lack of an elements instruction on appeal.
 

 Maj. Op. ¶ 65. The majority's application of the invited-error doctrine to the facts of this case upends the rule that it is "the trial court's responsibility to assure that the jury is 'fully and properly instructed on all issues of law relevant to the case.' ... There is no doubt that the
 
 trial court is ultimately responsible
 
 for rendering proper guidance to the jury via appropriately given jury instructions,
 
 even sua sponte
 
 ."
 
 Harrell
 
 ,
 
 134 So.3d at 270
 
 (quoting
 
 Kolberg
 
 ,
 
 829 So.2d at
 
 46 ) (emphases added). Yet the majority holds that the trial court does not have a duty "to insist on instructing the jury on the elements of the underlying felony." Maj. Op. ¶ 65. This assertion by the majority ignores established and controlling law.
 

 ¶ 76. Moreover, "the State is responsible for making sure the jury is instructed on the essential elements of the crime."
 
 Harrell
 
 ,
 
 134 So.3d at
 
 270 (citing
 
 Hunter v. State
 
 ,
 
 684 So.2d 625
 
 , 635 (Miss. 1996) ). The
 
 Hunter
 
 Court had held that "[i]t is rudimentary that the jury must be instructed regarding the elements of the crime with which the defendant is charged ... [;] even though the defendant did not present an acceptable instruction, the State
 
 was obligated
 
 to do so."
 
 Harrell
 
 ,
 
 134 So.3d at 270
 
 (quoting
 
 Hunter
 
 ,
 
 684 So.2d at
 
 635 ) (emphasis added). Here, even though the trial court's failure to do so may have been precipitated by defense counsel, it nevertheless was the trial court's responsibility and the State's responsibility to ensure that the jury was instructed correctly and fully, notwithstanding the apparent ineptitude of the defendant's lawyer.
 

 ¶ 77. The only way in which a jury is informed of the charge against the accused, including all the elements of the charge, is through the trial court's formal instructions to the jury. The elements of the underlying felony take on greater-than-usual importance in capital murder cases. A defendant who effects the death of another in any manner that is neither legally excusable nor justifiable can be found guilty of capital murder only if the underlying felony is proven beyond a reasonable doubt. This means that a felonious killing of another person that, without the underlying felony, might be prosecuted as manslaughter or vehicular homicide, becomes a capital offense for which a defendant can be sentenced to death or life without parole when the underlying felony is properly pled and sufficiently proven to a correctly instructed jury. Of the capital
 murder offenses requiring an underlying felony, as is the case here, the elements of the underlying felony become the elements of capital murder. Thus, in cases such as the one at bar, the State's obligation to prove the underlying felony is of indispensable importance.
 

 ¶ 78. Here, the jury had no way of knowing whether the crime of robbery had been proven because it received no instruction from the court that informed it of what it takes, fact-wise, to prove robbery. Such an instruction rightly was tendered by the State; but because defense counsel foolishly objected to it and the trial judge denied the instruction to the State without requiring an appropriate substitute, the jury was left to guess about the elements of the predicate felony, without which this would not have been a capital case. It cannot be said, therefore, that Thomas was found guilty beyond a reasonable doubt of capital murder, since the jury was deprived of knowledge of all the elements of that crime.
 

 ¶ 79. The majority's approach, which affects not only the present case but those in the future as well, relieves Mississippi's criminal court trial judges of an enormous aspect of their responsibility as ultimate guardians of the all-important fair trial and returns us to the ways of the pre-
 
 Newell
 

 [10]
 
 era during the Nineteenth and Twentieth Centuries. Then, jury instructions were regarded as falling mainly within the province of the litigants and their attorneys. Judges offered little or no input, other than marking the proposed instructions
 
 granted
 
 or
 
 denied
 
 , and occasionally making pen-and-ink edits to tendered instructions, then reading the granted ones to the jury. Instructions in those days were captioned, "INSTRUCTION NO. ____ FOR THE STATE" or "INSTRUCTION NO. ____ FOR THE DEFENDANT," and began, "The Court instructs the Jury for the State...." or "The Court instructs the Jury for the Defendant ...."
 

 ¶ 80. In the realm of correct jury instructions, which are essential for fair trials in which jurors are bound to follow
 
 the instructions of the court
 
 -not
 
 the instructions of the lawyers
 
 -accurate instructions on the applicable law are indispensable to fairness. Jurors rightly regard the legal instruction they receive as coming from
 
 the judge.
 
 This is the only source of information jurors have respecting the law they are to follow in reaching their decisions. The jurors, the litigants, and the public have a right to believe that those instructions are correct and
 
 complete
 
 . They never should be provided a set of jury instructions that is incorrect or incomplete because of lawyer ineptitude that was observed but left uncorrected by a jury trial's only lawgiver, the presiding judge.
 

 ¶ 81. Historically, and at present, Mississippi trial jurors cannot function as such unless and until they have taken on themselves a solemn oath, which now is prescribed in the Mississippi Rules of Criminal Procedure:
 

 (a) Oath of Jurors.
 
 The court shall, on the record of each trial, give the jurors the following oath or remind the jurors that they still are under the following oath:
 

 You, and each of you, do solemnly swear (or affirm) that you will well and truly try all issues and execute all writs of inquiry that may be submitted to you, or left to your decision by the court, or under its direction, during the present term, and true verdicts give according to the evidence. So help you God.
 

 Additionally, in each capital case, the jurors shall be sworn to "well and truly try the issue between the state and the defendant, and a true verdict give according to the evidence and the law."
 

 M.R.Cr.P. 18.5(a).
 

 ¶ 82. The majority professes its solid support for the "legal tenet" articulated in
 
 Harrell
 
 , which, in actuality announced nothing new in its affirmation of trial judges' well-established and long-recognized responsibility to assure that the court's instructions to the jury respecting the law the jurors are bound to follow is correct and complete. But a pledge of allegiance to a legal tenet that is unaccompanied by conscientious and consistent adherence to it rings rather hollow and, in reality, is without value. Struggling to absolve judges of their role in trials as the ultimate guardians of all things legal, my learned colleagues in the majority whine that trial courts, in their review of the jury instructions proposed by the parties, would have to be imbued with omniscience-a quality possessed only by Deity and unattainable for mere mortals, including trial judges-in order to do their jobs. Of course, their job descriptions include the duty to give legal instructions to jurors that, in addition to being accurate, must be complete, as is made clear by the foregoing legal tenet to which the majority claims devotion.
 

 ¶ 83. The knowing and informed waivers required for valid felony guilty pleas are equated by the majority with the tacit, implied waiver ascribed to a clueless defendant whose careless lawyer fails to object to an incorrect jury instruction or unwittingly submits an insufficient one to a trial judge. This attempted analogy provides a less-than-apt comparison. That said, candor compels an acknowledgment that there are some significant similarities between the two otherwise-dissimilar kinds of waiver. Guilty pleas are conducted under the watchful eyes, attentive ears, and alert minds of judges who bear heavy responsibility for going to whatever lengths are necessary to see that all applicable constitutional and legal rights of the accused are protected. Part of the judge's job is to be sure that they are, and to correct whatever deficiencies, in the exercise of judicial diligence, he or she may detect. If deficiencies appear and cannot be rectified by judicial explanation, a recess for the accused to confer with counsel, or other appropriate means, the judge, as the ultimate decider of the sufficiency of guilty pleas, is duty bound not to accept the plea. Similarly, the observant and conscientious Mississippi circuit court judge who actually studies the tendered instructions-which now must be filed in advance of trial under Mississippi Rule of Criminal Procedure 22(b)(1)-and finds them to be incomplete and/or incorrect is duty bound by this Court's decisions, including
 
 Harrell
 
 (whose tenet the majority lauds), and by the judge's oath of office, which says in part "... that I will faithfully and impartially discharge and perform all the duties incumbent upon me as a circuit court judge...," Miss. Const. Art. 6, § 155, not to put jurors in a position of relying on, and basing their decision on, a set of incomplete and/or incorrect jury instructions. It is, indeed, the judge's job to detect and cause to be remediated whatever errors and/or omissions may exist in jury instructions. With great respect for my colleagues in the majority, for this Court to hold that, in effect, that buck stops with the lawyers and not with the judge, is grossly erroneous and sets a very perilous precedent.
 

 ¶ 84. Of course, the trial judge's duty in this regard is not just to the jurors, but-and perhaps more so-to the person on trial, to the public, and to the law itself.
 

 ¶ 85. Here, these duly-sworn jurors were not given judicial instructions, to which they were entitled, on all of the applicable Mississippi law they were bound to follow. Thomas was convicted of murder in the commission of a robbery by jurors who were not informed of what the State must have proven to them, beyond a reasonable doubt, for the jurors to have been justified in believing, from the evidence, that a robbery had occurred. The elements, or ingredients, of robbery simply were not provided them. The majority holds that, because of attorney error, which should have been obvious to the trial judge and to the prosecutor, this glaring omission was perfectly all right. In effect, the defendant-according to the majority-is forever stuck with his attorney's blunder-a blunder the lawgiver had no duty to recognize and to correct. It is more than obvious that this case should be reversed and remanded for a new trial by a fully and correctly instructed jury.
 

 ¶ 86. The majority acknowledges that the trial court's erroneous failure to instruct the jury on the elements of robbery was invited by defense counsel's actions. I agree. But the ineffectiveness of Thomas's attorney is clearly apparent from the record and alone requires reversal.
 
 See
 

 Strickland v. Washington
 
 ,
 
 466 U.S. 668
 
 ,
 
 104 S.Ct. 2052
 
 ,
 
 80 L.Ed. 2d 674
 
 (1984). Thomas's lawyer's significant failure patently prejudiced Thomas's case inasmuch as it resulted in the jury's not knowing of elements of the crime that the prosecution was obligated to prove beyond a reasonable doubt. Defense counsel's objection, that Thomas's indictment was defective for failure to list the elements of robbery, may have had some merit but was untimely. But the State's withdrawal of the objectionable jury instruction triggered the necessity of a substitute jury instruction detailing the elements of robbery. Accordingly, I would hold that defense counsel's failure to request a substitute jury instruction informing jury of the elements of the underlying felony of robbery constitutes prejudicial ineffective assistance of counsel.
 

 KING AND ISHEE, JJ., JOIN THIS OPINION.
 

 The indictment alleged that David Thomas "did willfully, unlawfully, and feloniously kill Fred Jackson, a human being, without the authority of law, with or without any design to effect death while and when engaged in the commission of the crime of Robbery ...." Even though the contention of the attorney was accurate, and failure to list the elements of the crime underlying the capital murder does constitute a defect in the indictment, the sufficiency of the indictment is not an issue raised on appeal, nor was it an issue raised pretrial in a demurrer or motion to quash the indictment.
 

 Newell v. State
 
 ,
 
 308 So.2d 71
 
 (Miss. 1975).